765 So.2d 692 (2000)
STANDARD JURY INSTRUCTIONS-CRIMINAL CASES (99-1).
No. SC94788.
Supreme Court of Florida.
March 30, 2000.
Honorable Philip J. Padovano, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Tallahassee, Florida, for Petitioner.
Honorable Barry M. Cohen, County Court Judge, West Palm Beach, Florida; and Bennett H. Brummer and Andrew Stanton, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida, Responding.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases has submitted to this Court proposed amendments to the Florida Standard Jury Instructions in Criminal Cases. We have jurisdiction. See art. V, § 2(a), Fla. Const.; see also Fla. R.Crim. P. 3.985.
The committee published proposed new and revised instructions in the August 15, 1998, edition of The Florida Bar News, and received comments thereon. The committee rejected some of the comments but embraced others and accordingly modified its proposed instructions and submitted same to this Court as follows:
Proposal 1: A Revised Instruction on Williams Rule Evidence
Proposal 2: A New Instruction for the Crime of Felony Battery
Proposal 3: A New Instruction for the Crime of Aggravated Stalking
Proposal 4: A New Instruction for Offenses Involving Contraband in Juvenile Facilities
Proposal 5: A Revised Instruction for the Crime of Driving Under the Influence
Proposal 6: A New Instruction for Taking Deer or Turkey with a Gun and Light
Proposal 7: A New Instruction for the Crime of Using a Self-Defense Weapon
Proposal 8: A New Instruction for Offenses Involving Contraband in Specified Locations
Proposal 9: A New Instruction for the Crime of Voyeurism
Proposal 10: A New Instruction for Eluding an Officer (Fleeing or Failure to Stop)
Proposal 11: A New Instruction for Eluding an Officer (Willful Fleeing/ Siren and Lights)
Proposal 12: A New Instruction for Eluding an Officer (High Speed/ Recklessness)
Proposal 13: A New Instruction for Crimes Motivated by Prejudice
Due to the committee's modifications, this Court ordered republication of the committee's proposed instructions in the March 1, 1999, edition of The Florida Bar *693 News and ultimately received several additional comments (including several from Andrew Stanton, Assistant Public Defender for the Eleventh Judicial Circuit). This Court then requested the committee's feedback regarding the additional comments, which the committee in turn provided, along with several resulting modifications to its proposed instructions. The committee then suggested several additional modifications in response to a letter from this Court expressing several technical concerns. We discuss below only those instances where we have further modified the proposed instructions that the committee ultimately submitted to this Court.

CONTRABAND IN JUVENILE FACILITY
As ultimately submitted to this Court, the committee's proposed instruction regarding contraband in a juvenile facility required the State to prove that the defendant introduced, removed, or possessed contraband in a juvenile detention facility or commitment program, and that he or she "did not do so through regular channels or as authorized by the [facility superintendent] [program director] [manager]." We have stricken the "through regular channels" alternative, as it is not provided in the statute that controls here. See § 985.4046, Fla. Stat. (1997). According to its comment (which we strike in pertinent part as well), the committee appears to have borrowed the "through regular channels" language from the statute and corresponding standard jury instruction that apply in the similar, but by no means identical, context regarding contraband in a county detention facility. See § 951.22(1), Fla. Stat. (1997).
Furthermore, as pointed out by Assistant Public Defender Stanton, the statute that controls in the present context explicitly provides two additional alternatives not reflected in the committee's proposed instruction. Specifically, in addition to being authorized by the facility superintendent, program director, or manager, items regarded as contraband under the statute may also be authorized "through program policy or operating procedure." § 985.4046(1), Fla. Stat. (1997). We have accordingly added these two alternatives to the committee's proposed instruction.

FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER
As ultimately submitted to this Court, the committee's proposed instruction regarding fleeing to elude a law enforcement officer under section 316.1935(1), Florida Statutes (Supp.1998) (fleeing/failure to stop), was not explicitly clear that the State must prove the subject defendant's knowledge not only of the order to stop but also of the fact that the person who ordered the stop was a duly authorized law enforcement officer. As urged by Assistant Public Defender Stanton, we have incorporated language from the controlling statute to ensure that these knowledge requirements are accurately reflected in the instruction. See § 316.1935(1), Fla. Stat. (Supp.1998). As further urged by Assistant Public Defender Stanton, we have also incorporated these knowledge requirements in the two remaining fleeing-to-elude instructions proposed by the committee under sections 316.1935(2) (willful fleeing/siren and lights) and 316.1935(3) (high speed/ recklessness), Florida Statutes (Supp.1998), respectively.
Furthermore, all three of the fleeing-to-elude instructions proposed by the committee originally defined the term "operator" in conformity with the statutory definition of that term as "[a]ny person who is in actual physical control of a motor vehicle upon the highway, or who is exercising control over or steering a vehicle being towed by a motor vehicle." § 316.003(25), Fla. Stat. (Supp.1998) (emphasis added). Assistant Public Defender Stanton urges that "[i]t is difficult to see how someone steering a towed vehicle could `willfully' flee or elude an officer" in violation of the fleeing-to-elude statute, and the committee *694 acknowledges that "the possibility of such a prosecution is extremely remote." Nevertheless, we are loathe to deviate from the statutory definition of the term "operator" quoted above. We instead incorporate Assistant Public Defender Stanton's suggestion to bracket the clause at issue in the fleeing-to-elude instructions for use in the presumably rare case in which the need arises.
Finally, the committee has identified its three proposed fleeing-to-elude instructions as "new" instructions. However, these three instructions are actually revising and expanding upon an already-existing fleeing-to-elude instruction. We have accordingly treated the three proposed fleeing-to-elude instructions as "revised" instructions in the appendix to this opinion.

CRIMES MOTIVATED BY PREJUDICE
As with the fleeing-to-elude instructions discussed above, the committee has identified its proposed instruction regarding crimes motivated by prejudice as a "new" instruction. However, we note that such an instruction already exists, a fact which more accurately renders the committee's present proposed instruction a "revised" instruction. We have accordingly treated it as such in the appendix to this opinion.

CONCLUSION
So modified, we hereby authorize the publication and use of the instructions as set forth in the appendix attached to this opinion. In so doing, we express no opinion on the correctness of these instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of these instructions. We further caution all interested parties that the notes and comments associated with the instructions reflect only the opinion of the committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.
We wish to express our appreciation not only to the committee for its dedication in presenting its recommendations to the Court, but also to all interested parties who filed comments with the committee and this Court. We would especially like to recognize Assistant Public Defender Stanton for his pertinent and insightful comments discussed repeatedly throughout this opinion. The collaborative efforts of the committee, members of the Bar, this Court, and other interested parties have served to better the quality of the standard criminal jury instructions in Florida, which in turn benefits the trial courts and all citizens of this State.
The instructions as set forth in the appendix shall be effective when this opinion becomes final. New language is indicated by underlining, and deletions are indicated by struck-through type.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

APPENDIX
[1: A Revised Instruction on Williams Rule Evidence]

SIMILAR FACT EVIDENCE

"WILLIAMS RULE"

F.S. 90.404
Note to Judge;
To be given at the time the evidence is admitted, if requested.
The evidence you are about to receive concerning evidence of other crimes allegedly committed by the defendant will be considered by you for the limited purpose of proving [motive] [opportunity] [intent] [preparation] [plan] [knowledge] [identity] [the absence of mistake or accident] on the part of the defendant [or] [to corroborate the testimony of *695 (name of child)] and you shall consider it only as it relates to those issues.
However, the defendant is not on trial for a crime that is not included in the [information] [indictment].
Note to Judge:
To be given after the close of evidence, if applicable.
The evidence which has been admitted to show similar crimes, wrongs, or acts allegedly committed by the defendant will be considered by you only as that evidence relates to proof of [motive] [opportunity] [intent] [preparation] [plan] [knowledge] [identity] [the absence of mistake or accident] on the part of the defendant [or] [to corroborate the testimony of (name of child)].

__________

Comment
The part of the instruction that allows similar fact evidence to corroborate the testimony of the victim should only be given in some cases involving child victims of sexual abuse. See Heuring v. State, 513 So.2d 122 (Fla.1987); Saffor v. State, 660 So.2d 668 (Fla.1994); State v. Rawls, 649 So.2d 1350 (Fla.1994).
[2: A New Instruction for the Crime of Felony Battery]

FELONY BATTERY

§ 784.041 Fla. Stat.
To prove the crime of felony battery, the state must prove the following two elements beyond a reasonable doubt:
1. (Defendant) actually and intentionally touched or struck (victim) against [his][her] will; and
2. (Defendant) caused(victim)great bodily harm, permanent disability, or permanent disfigurement

Lesser Included Offenses
Category One: Battery
Category Two: None

________

Comment
This instruction is based on the text of section 784.041, Florida Statutes, (1997), and generally patterned after the standard instructions on battery and aggravated battery.
[3: A New Instruction for the Crime of Aggravated Stalking]

AGGRAVATED STALKING

(Victim under 16 years of age)

§ 784.048(5) Fla. Stat.
To prove the crime of aggravated stalking, the state must prove the following two elements beyond a reasonable doubt:
1. (Defendant) willfully, maliciously, and repeatedly followed or harassed (victim); and,
2. At the time of (defendant's) actions, (victim)was under 16 years of age.
"Harass" means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.

________

Lesser Included Offenses
Category One: Stalking
Category Two: None

_______

Comment
This instruction is based on the text of section 784.048, Florida Statutes, (1997), and generally patterned after the standard *696 instructions on stalking and aggravated stalking.
[4: A New Instruction for Offenses Involving Contraband in Juvenile Facilities]

CONTRABAND IN JUVENILE FACILITY

§ 985.4046 Fla. Stat.
To prove the crime of [introducing] [removing] [possession] of contraband in a juvenile detention facility, the state must prove the following two elements beyond a reasonable doubt:
1. (Defendant)
[introduced contraband into]
[knowingly possessed contraband in]
[gave contraband to a juvenile offender in]
[took contraband from]
[attempted to take or send contraband from]
[sent contraband to]
[a juvenile detention facility] [juvenile commitment program].
2. (Defendant) did not do so as authorized by the [program policy] [operating procedure][facility superintendent] [program director] [manager].
"Introduce" means to put inside or into.
Possession may be actual or constructive.
Actual possession means:
(a) the thing is in the hand of or on the person, or
(b) the thing is in a container in the hand of or on the person, or
(c) the thing is so close as to be within ready reach and is under the control of the person.
Give if applicable.Mere proximity to a thing is not sufficient to establish control over that thing when the thing is not in a place over which the person has control.
Constructive possession means the thing is in a place over which the person has control, or in which the person has concealed it.
Give if applicable. If a thing is in a place over which the person does not have control, in order to establish constructive possession the State must prove the person's (1) control over the thing, (2) knowledge that the thing was within the person's presence, and (3) knowledge of the illicit nature of the thing.
For purposes of this offense, "contraband" means:
[any unauthorized article of food or clothing]
[any intoxicating beverage or any beverage that causes or may cause an intoxicating effect]
[any controlled substance. (Substance alleged) is a controlled substance.] See s. 893.02(4).
[any prescription or nonprescription drug that has a hypnotic, stimulating, or depressing effect]
[any firearm or weapon of any kind or any explosive substance].
Give as applicable
A "juvenile detention facility" is a facility used pending court adjudication or disposition or execution of a court order for the temporary care of a child alleged or found to have committed a violation of law.
A "juvenile commitment program" is a facility used for the commitment of adjudicated delinquents.

_______

Lesser Included Offenses
Category One: None
Category Two: None

*697 Comment
This instruction is based on the text of section 985.4046, Florida Statutes, (1997). In Chicone v. State, 684 So.2d 736 (Fla. 1996), the court defined the elements of constructive possession that apply if the defendant has no control over the place where the contraband was found.
[5: A Revised Instruction for the Crime of Driving Under the Influence]

DRIVING WHILE UNDER THE INFLUENCE

F.S. 316.193
Before you can find the defendant guilty of Driving or Being in Actual Physical Control of a Vehicle, While Under the Influence of (alcoholic beverages) (___________, a controlled substance) when affected to the extent that his normal faculties are impaired, the State must prove the following three elements:
Elements 1.(Defendant) drove or was in actual physical control of a vehicle in Florida.
2. He was under the influence of alcoholic beverages (controlled substances).
3. He was affected to the extent that his normal faculties were impaired.
Definitions 1. "Normal faculties" mean those faculties of a person, such as the ability to walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
2. "Actual physical control of a vehicle" means the defendant must be physically in(on)the vehicle. Defendant must have had the capability and power to dominate, direct or regulate the vehicle, regardless of whether or not he is exercising that capability or power at the time of the alleged offense.
Optional Definitions 1. "Vehicle" is any device, in, upon or by which any person or property is, or may be, transported or drawn upon a highway, except bicycles or "mopeds" or devices used exclusively upon stationary rails or tracks.
2. "Alcoholic beverages" are considered to be beer, wine, whiskey, and all other alcoholic beverages of any kind and description which are made for human consumption.
3. (____________) is a controlled substance under Florida law.

CHEMICAL TEST WHERE APPLICABLE
If you find from the evidence:
1. That the defendant had .05% or less by weight of alcohol in his blood, he is presumed not to be under the influence of alcoholic beverages to the extent his normal faculties are impaired. F.S. 322.262(2)(a).
You may disregard this presumption if it has been rebutted by other evidence.
2. That the defendant had in excess of .05% but less than .10% by weight of alcohol in his blood, there is no presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that his normal faculties were impaired.
Such fact, however, may be considered with other competent evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent his normal faculties were impaired. F.S. 322.262(2)(b).

*698 3. That the defendant had .10% or more by weight of alcohol in this blood, it is prima facie evidence that the defendant was under the influence of alcoholic beverages to the extent that his normal faculties were impaired. F.S. 322.262(2)(c).

DRIVING WHILE UNDER THE INFLUENCE

F.S. 316.193
To prove the crime of driving under the influence the state must prove the following two elements beyond a reasonable doubt.
1.(Defendant) drove or was in actual physical control of a vehicle.
2. While driving or in actual physical control of the vehicle (defendant)
Give 2a or b as applicable
a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his][her] normal faculties were impaired or
b. had a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood, or a breath-alcohol level of 0.08 or more grams of alcohol per 210 liters of breath.

Definitions: give as applicable
"Vehicle" is any device, in, upon or by which any person or property is, or may be, transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.
"Normal faculties" include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
"Actual physical control of a vehicle" means the defendant must be physically in or on the vehicle and have the capability to operate the vehicle, regardless of whether [he][she] is actually operating the vehicle at the time.
"Alcoholic beverages" are considered to be substances of any kind and description which contain alcohol.
(_________) is a controlled substance under Florida law. F.S. 893.
(_________) is a chemical substance under Florida law. F.S. 877.111(1).
When appropriate, give one or more of the following instructions on the presumptions of impairment established by F.S. 316.1934(2)(a), (2)(b), and (2)(c).
1. If you find from the evidence that the defendant had a blood or breath alcohol level of 0.05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his][her] normal faculties were impaired.
2. If you find from the evidence that the defendant had a blood or breath alcohol level in excess of 0.05 but less than 0.08, you may consider that evidence with other competent evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his][her] normal faculties were impaired; or
3. If you find from the evidence that the defendant had a blood or breath alcohol level of 0.08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcohol to the extent that [his][her] normal faculties were impaired. However, such evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence to the extent that [his][her] normal faculties were impaired.
These presumptions may be considered along with any other evidence *699 presented in deciding whether the defendant was under the influence of alcoholic beverages to the extent that [his][her] normal faculties were impaired.

Give only if this defense is raised.
It is a defense to the charge of driving or being in actual physical control of a vehicle while under the influence if at the time of the alleged offense the vehicle was inoperable. However, it is not a defense if, while impaired, the defendant drove or was in actual physical control of the vehicle before it became inoperable. Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty. However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty if all the other elements of the charge have been proved beyond a reasonable doubt.
[6: A New Instruction for Taking Deer or Turkey with a Gun and Light]

TAKING DEER/WILD TURKEY WITH GUN AND LIGHT

F.S. 372.99(1)
To prove the crime of taking [deer] [wild turkey] with gun and light, the state must prove the following two elements beyond a reasonable doubt:
1.(Defendant) did take any [deer] [wild turkey].
2.(Defendant) used a gun and light in such taking.
"Take" shall include taking, attempting to take, pursuing, hunting, molesting, capturing, or killing any [deer] [wild turkey, or their nests or eggs], by any means, whether or not such actions result in obtaining possession of such [deer] [wild turkey or their nests or eggs]. F.S. 372.001(10)
"Gun" means a shotgun, rifle, pistol, revolver, air gun, gas gun, blow gun, bow, crossbow, or any other device mechanically propelling an arrow, spear, or other projectile. Fla. Admin. Code 68A-1.004(38)
"Light" means any artificial light. Fla. Admin. Code 68A-1.004(40)
"Possession" means any one of the following:
1. Manual possession
2. Physical possession
3. Control or custody
4. Possession in one's clothing, attire, or equipment
5. Possession in or about a vessel, vehicle or beast of burden under one's custody or control, including but not limited to compartments, drawers, pockets, trunks, and similar places in and about such vessel, vehicle, or beast of burden.
If you find from the evidence that the defendant displayed or used a light in a place where [deer] [wild turkey] might be found and in a manner capable of disclosing the presence of [deer] [wild turkey], and that the defendant possessed a firearm or other weapon customarily used for the taking of [deer] [wild turkey], between one hour after sunset and one hour before sunrise, then this would be sufficient by itself to establish that the defendant was taking or attempting to take [deer][wild turkey] by use of a gun and light. However, such evidence may be contradicted or rebutted by other evidence. F.S. 372.99(2)
[7: A New Instruction for the Crime of Using a Self-Defense Weapon]

USE OF A SELF-DEFENSE WEAPON

§ 790.054 Fla. Stat.
To prove the crime of using a self-defense weapon against a law enforcement officer, the state must prove the *700 following four elements beyond a reasonable doubt:
1. (Defendant) intentionally used a [self-defense chemical spray] [nonlethal stun gun] [nonlethal electric weapon] [remote stun gun] against (victim).
2. (Victim) was at the time a law enforcement officer.
3. (Defendant) knew (victim) was a law enforcement officer.
4. At the time of the incident, (victim) was engaged in the lawful performance of [his][her] duties.
The court now instructs you that (name of official position of victim designated in charge) is a law enforcement officer. Do not read the name of the victim in this part of the instruction.

__________

Lesser Included Offenses
Category One: None
Category Two: Battery, Fla.Stat. 784.03(1)(a)

__________

Comment
This instruction is based on section 790.054, Florida Statutes, (1997). In giving this instruction, do not refer to the victim by name in the last sentence of the instruction. That sentence must state the class of officers to which the victim belongs, e.g., probation officer, correctional officer. See Wright v. State, 586 So.2d [1024,] 1025 (Fla.1991).
[8: A New Instruction for Offenses Involving Contraband in Specified Locations]

CONTRABAND IN SPECIFIED LOCATIONS

§ 893.13(1)(c)(d) & (e) Fla.Stat.
Certain drugs and chemical substances are by law known as "controlled substances." (Specific substance alleged) is a controlled substance.
To prove the crime of(crime charged), the state must prove the following four elements beyond a reasonable doubt:
1.(Defendant)
[sold]
[manufactured]
[delivered]
[possessed with intent to sell]
[possessed with intent to manufacture]
[possessed with intent to deliver]
a certain substance
Give a, b or c as applicable
2. a. in, on, or within 1,000 feet of the real property comprising a child care facility or a public or private elementary, middle, or secondary school between the hours of 6:00 a.m. and 12:00 a.m. s. 893.13(1)(c)

b. in, on, or within 200 feet of [the real property comprising a public housing facility] [the real property comprising a public or private college, university, or other post-secondary educational institution] [a public park]. s. 893.13(1)(d)
c. in, on, or within 1000 feet of [a physical place for worship at which a church or religious organization regularly conducts religious services] [a convenience business]. s. 893.13(1)(e)
3. The substance was (specific substance alleged).
4. (Defendant) had knowledge of the presence of the substance.

Definitions: give as applicable.
"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.
*701 "Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.
"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.
To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive.
Actual possession means:
(a) the thing is in the hand of or on the person, or
(b) the thing is in a container in the hand of or on the person, or
(c) the thing is so close as to be within ready reach and is under the control of the person.

Give if applicable.
Mere proximity to a thing is not sufficient to establish control over that thing when the thing is not in a place over which the person has control.
Constructive possession means the thing is in a place over which the person has control, or in which the person has concealed it.

Give if applicable.
If a thing is in a place over which the person does not have control, in order to establish constructive possession the state must prove the person's (1) control over the thing, (2) knowledge that the thing was within the person's presence, and (3) knowledge of the illicit nature of the thing.
Possession may be joint, that is, two or more persons may jointly have possession of an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a thing, knowledge of its presence may be inferred.
If a person does not have exclusive possession of a thing, knowledge of its presence may not be inferred or assumed.

Definitions. Give as applicable
"Child care facility" means any child care center or arrangement which provides child care for more than five children unrelated to the operator and which receives a payment, fee, or grant for any of the children receiving care. It does not matter if the child care facility is operated for profit or as a non profit operation.
A "convenience business" means any place of business that is primarily engaged in the retail sale of groceries, or both groceries and gasoline, and that is open for business at any time between the hours of 11 p.m. and 5 a.m. The term does not include any of the following: a business that is primarily a restaurant, or one that always has at least five employees on the premises after 11 p.m. and before 5 a.m., or one that has at least 10,000 square feet of retail floor space. The term "convenience business" also does not include any business in which the owner or members of his or her family work between the hours of 11 p.m. and 5 a.m.
The term "real property comprising a public housing facility" is defined as the real property of a public corporation created as a housing authority by statute.

*702 __________

Lesser Included Offenses
Category One: Drug Abuse-Possession.
Category Two: None

__________

Comment
This instruction is based on section 893.13, Florida Statutes, (1997), and adapted from the standard instruction on sale of contraband near a school. In Chicone v. State, 684 So.2d 736 (Fla.1996), the court defined the elements of constructive possession that apply if the defendant has no control over the place where the contraband was found.
[9: A New Instruction for the Crime of Voyeurism]

VOYEURISM

§ 810.14 Fla. Stat.
To prove the crime of voyeurism, the state must prove the following three elements beyond a reasonable doubt:
1. (Defendant) secretly
[observed]
[photographed]
[filmed]
[videotaped]
[recorded] (victim)
2. The (act alleged) was done with a [lewd] [lascivious] [indecent] intent.
3. When (victim) was [observed] [photographed] [filmed] [videotaped] [recorded] [he][she] was in a [dwelling] [structure] [conveyance] in which [he][she] had a reasonable expectation of privacy.
The words lewd, lascivious, and indecent mean the same thing, a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing the act.
"Dwelling" means a building [or conveyance] of any kind, including any attached porch, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it.
"Structure" means any kind of building, either temporary or permanent, that has a roof over it, together with the enclosed space of ground and outbuildings immediately surrounding it.
Conveyance means any motor vehicle, ship, vessel, railroad car, trailer, aircraft or sleeping car.

__________

Lesser Included Offenses
Category One: None
Category Two: None

___________

Comment
This instruction is based on section 810.14, Florida Statutes (Supp.1998). It is error to inform the jury of a prior conviction. Therefore, do not read the allegation of prior conviction or send the information or indictment into the jury room. The historical fact of a previous conviction shall be determined by the judge, and shall thereby fix the degree of the crime. State v. Harris, 356 So.2d 315 (Fla.1978).
[10: A Revised Instruction for Eluding an Officer (Fleeing/Failure to Stop)]
FLEEING OR ATTEMPTING TO ELUDE A POLICE OFFICER
F.S. 316.1935
Before you can find the defendant guilty of Fleeing or Attempting to Elude a Police Officer, the State *703 must prove the following three elements:
Elements 1. (Defendant) was operating a motor vehicle upon a street or highway in Florida.
2. A duly authorized police officer directed the defendant to stop or remain stopped.
3. The defendant, knowing he had been directed to stop by a duly authorized police officer:
Give a or b as applicable a. [willfully refused to stop or remain stopped as directed,]
b. [willfully fled in an attempt to elude the police officer, after having stopped.]
Optional Definitions F.S. 316.003(26) 1. "Operator" means any person who is in actual physical control of a motor vehicle upon the highway, or who is exercising control over or steering a vehicle being towed by a motor vehicle.
F.S. 316.003(2) & 316.003(21) 2. "Motor vehicle" means any vehicle which is self propelled (and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails), but not including any bicycle or "moped".
F.S. 316.003(54) 3. "Street or highway" means the entire width between the boundary lines of every way or place of whatever nature when any part thereof is open to the use of the public for purposes of vehicular traffic.
4. "Willfully" means intentionally, knowingly and purposely.

FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER

§ 316.1935(1) Fla. Stat.
To prove the crime of fleeing to elude a law enforcement officer, the state must prove the following three elements beyond a reasonable doubt:
1. (Defendant) was operating a vehicle upon a street or highway in Florida.
2. A duly authorized law enforcement officer ordered the defendant to stop or remain stopped.
3.(Defendant), knowing [he][she] had been directed to stop by a duly authorized law enforcement officer,
a. [willfully refused or failed to stop the vehicle in compliance with the order] or
b. [having stopped the vehicle, willfully fled in an attempt to elude the officer]
"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].
"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.
"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.
"Willfully" means intentionally, knowingly, and purposely.

_________

Lesser Included Offenses
Category One: None
Category Two: None

__________

Comment
This instruction is based on the text of section 316.1935(1), Florida Statutes, (Supp.1998).
*704 [11: A Revised Instruction for Eluding an Officer (Willful Fleeing/Siren and Lights)]

[Existing Fleeing to Elude Instruction Struck as Reflected in # 10 above]

FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER

§ 316.1935(2) Fla. Stat.
To prove the crime of fleeing to elude a law enforcement officer, the state must prove the following four elements beyond a reasonable doubt:
1. (Defendant) was operating a vehicle upon a street or highway in Florida.
2. A duly authorized law enforcement officer ordered the defendant to stop or remain stopped.
3. (Defendant), knowing [he][she] had been directed to stop by a duly authorized law enforcement officer,
a. [willfully refused or failed to stop the vehicle in compliance with the order] or
b. [having stopped the vehicle, willfully fled in an attempt to elude the officer]
4. The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.
"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].
"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.
"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.
"Willfully" means intentionally, knowingly, and purposely.

__________

Lesser Included Offenses
Category One: Fleeing to Elude, Fla. Stat. 316.1935(1)
Category Two: None

___________

Comment
This instruction is based on the text of section 316.1935(2), Florida Statutes, (Supp.1998).
[12: A Revised Instruction for Eluding an Officer (High Speed/Recklessness) ]

[Existing Fleeing to Elude Instruction Struck as Reflected in # 10 above]

FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER

§ 316.1935(3) Fla. Stat.
To prove the crime of fleeing to elude a law enforcement officer, the state must prove the following five elements beyond a reasonable doubt:
1. (Defendant) was operating a vehicle upon a street or highway in Florida.
2. A duly authorized law enforcement officer ordered the defendant to stop or remain stopped.
3. (Defendant), knowing [he][she] had been directed to stop by a duly authorized law enforcement officer,
a. [willfully refused or failed to stop the vehicle in compliance with the order] or

*705 b. [having stopped the vehicle, willfully fled in an attempt to elude the officer]
4. The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.
5. During the course of the fleeing or attempting to flee, (Defendant) drove at high speed or in any manner demonstrating a wanton disregard for the safety of persons or property.
"Operator" means any person who is in actual physical control of a motor vehicle upon the highway [or who is exercising control over or steering a vehicle being towed by a motor vehicle].
"Street or highway" means the entire width between boundary lines of every way or place of whatever nature when any part thereof is open to the public for purposes of vehicular traffic.
"Vehicle" means every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.
"Willfully" means intentionally, knowingly, and purposely.

_________
 Lesser Included Offenses
Category One: Fleeing to Elude Fla.
 Stat. 316.1935(2)
 Fleeing to Elude Fla.Stat.
 316.1935(1)
Category Two: Reckless Driving Fla.
 Stat. 316.192

_________

Comment
This instruction is based on the text of section 316.1935(3), Florida Statutes, (Supp.1998).
[13: A Revised Instruction for Crimes Motivated by Prejudice]

AGGRAVATION OF A FELONY BY EVIDENCING PREJUDICE

F.S. 775.085
If you find that (defendant) committed (crime charged) and you also find that during the commission of the crime (defendant)
1. perceived, knew, or had reasonable grounds to perceive or know (victim's) [race] [color] [ancestry] [ethnicity] [religion] [sexual orientation] [national origin], and
2. intentionally selected (victim) because of that perception or knowledge,
you should find the defendant guilty of (crime charged) evidencing prejudice.
If you find that the defendant committed (crime charged) but did so without evidencing prejudice, then you should find the defendant guilty only of (crime charged).

AGGRAVATION OF A FELONY BY EVIDENCING PREJUDICE

§ 775.085
The punishment provided by law for the crime of (crime charged) is greater if the defendant was motivated by prejudice to commit the crime. Therefore, if you find the defendant guilty of (crime charged) you must then consider the defendant's alleged motivation in committing the crime.
If the State has proven the crime of (crime charged) and if the State has proven beyond a reasonable doubt that (defendant):

*706 1. perceived, knew, or had reasonable ground to perceive or know (victim's) [race] [color] [ancestry] [ethnicity] [religion] [sexual orientation] [national origin] [mental disability] [physical disability] [advanced age], and
2. intentionally selected (victim) because of that perception or knowledge,
you should find that the defendant was motivated by prejudice to commit the crime.
If the state has proven the crime of (crime charged) beyond a reasonable doubt, but has not proven beyond a reasonable doubt that the defendant was motivated by prejudice to commit the crime, then you should find the defendant guilty of only (crime charged).

Give if applicable
"Mental or physical disability" means that the victim suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, and has one or more physical or mental limitations that restrict the victim's ability to perform the normal activities of daily living.
"Advanced age" means that the victim is older than 65 years of age.

________

Comment
This instruction is based on section 775.085, Florida Statutes (Supp.1998). Proof that the defendant intentionally selected the victim is required by the case law. See State v. Stalder, 630 So.2d 1072 (Fla.1994).