965 So.2d 811 (2007)
In re STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES-REPORT 2007-01.
No. SC07-325.
Supreme Court of Florida.
August 30, 2007.
The Honorable Terry David Terrell, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, First Judicial Circuit, Pensacola, Florida, for Petitioner.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has filed a report proposing amendments to Standard Jury Instructions in Criminal Cases 2.4  Similar Fact Evidence "Williams Rule"; 2.7  Closing Argument; 3.3(f)  Aggravation of a Felony By Evidencing Prejudice; and 3.8(a)  Similar Fact Evidence "Williams Rule." The Committee also proposes a number of new instructions, including 8.18  Violation of Domestic Violence Injunction; 8.19  Violation of Repeat Violence Injunction; 11.11  Lewd or Lascivious Offenses Committed Upon or in the Presence of an Elderly Person or Disabled Person; 14.5  Theft of Communication Services; 14.6  Unauthorized Possession of Communications Devices; 21.5  Giving False Information Concerning the Commission of a Crime; 21.6  Giving False Information Concerning the Commission of a Capital Felony; and 28.13  Refusal to Submit to Testing. The Committee published the proposals for comment in The Florida Bar News prior to submission to the Court. We have jurisdiction. See art. V, § 2(a), Fla. Const.
Having considered the Committee's report and the comments filed, we approve for publication and use instructions 2.4, 2.7, 3.8(a), 8.18, 8.19, 21.5, 21.6, and 28.13, as proposed by the Committee. In addition, we approve for publication and use, with the modifications discussed below, instructions 3.3(f), 11.11, 14.5, and 14.6.[1]
First, with respect to the proposed amendment to instruction 3.3(f)  Aggravation of a Felony by Evidencing Prejudice, section 775.085, Florida Statutes (2006), Florida's Hate Crimes Statute, provides for the reclassification of penalties for offenses committed against a victim based upon prejudice for reasons of race, color, ancestry, ethnicity, religion, sexual orientation, national origin, mental or physical disability, or advanced age of the victim. As proposed, the amendment to instruction 3.3(f) would add, in pertinent part, the provision that the defendant's intentional selection of the victim based on the defendant's perception or knowledge of the victim's identification with certain enumerated groups may be based "in whole or in part" on that perception or knowledge. The Committee proposed the quoted phrase, citing Dobbins v. State, 605 So.2d 922 (Fla. 5th DCA 1992), approved, 631 So.2d 303 (Fla.1994), a decision approved by this Court in upholding the constitutionality of section 775.085, Florida Statutes (1989). See State v. Stalder, 630 So.2d 1072, 1077 (Fla.1994). Because section 775.085 does not include the proposed language, however, we decline to add the phrase "in whole or in part" to instruction 3.3(f).
Second, for purposes of section 825.1025, Florida Statutes (2006), Lewd or lascivious offenses committed upon or in the presence of an elderly person or disabled person, "Disabled adult" is defined as

*812 a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living.
§ 825.101(4), Fla. Stat. (2006). The Committee's proposed new instruction 11.11, however, defines "Disabled adult"to the extent a disability is the cause for the condition of physical or mental incapacitywith the term "fundamental" to modify "disability." Accordingly, to bring instruction 11.11 into accord with section 825.101(4), we have substituted "developmental" for "fundamental."
Finally, section 812.15, Florida Statutes (2006), pertaining to the unauthorized reception of communications services, sets out two distinct offenses: unauthorized acquisition of communication services; and unlawful possession of a communication device. See §§ 812.15(2)(a); 812.15(4). Following substantial amendments to section 812.15 by the Legislature, see ch. 2003-186, Laws of Fla., the Committee proposed two new instructions: 14.5 Theft of Communication Services, and 14.6Unauthorized Possession of Communications Devices. We have modified instruction 14.5 to include both the statutory definition for "Communications device," see § 812.15(1)(c), and the degree enhancement provision in section 812.15(3)(a).[2] We have also modified instruction 14.6 to include the definition for "Assist Others," as was proposed by the Committee in instruction 14.5.
We hereby authorize the publication and use of the amended and new instructions as set forth in the appendix to this opinion. In doing so, we express no opinion on the correctness of those instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining, and deleted language is struck through. The instructions as set forth in the appendix shall be effective when this opinion becomes final. However, because the Court did not publish the instructions for comment prior to their authorization as modified, the Committee as well as interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[3]
It is so ordered.
*813 LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
2.4 SIMILAR FACTEVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS EVIDENCE "WILLIAMS RULE"

§ 90.404(2)(a) Fla. Stat.
To be given at the time the evidence is admitted, if requested.
The evidence you are about to receive concerning evidence of other crimes, wrongs, or acts allegedly committed by the defendant will be considered by you for the limited purpose of proving [motive] [opportunity] [intent] [preparation] [plan] [knowledge] [identity] [the absence of mistake or accident] on the part of the defendant [or] [to corroborate the testimony of (name of child)] and you shall consider it only as it relates to [that] [those] issue[s].
However, the defendant is not on trial for a crime, wrong, or act that is not included in the [information] [indictment].

Comment
See section 90.404(2)(b), Fla. Stat., effective July 1, 2001, in child molestation cases. The part of the instruction that allows similar fact evidence to corroborate the testimony of the victim should only be given in some cases involving child victims of sexual abuse. See Heuring v. State, 513 So.2d 122 (Fla. 1987); Saffor v. State, 660 So.2d 668 (Fla. 1994); State v. Rawls, 649 So.2d 1350 (Fla. 1994).
This instruction was adopted in 1981 and was amended in 1984 2000 [765 So.2d 692], and 2007.

2.7 CLOSING ARGUMENT

§ 918.19, Fla. Stat.
Both the State and the defendant have now rested their case.
The attorneys now will present their final arguments. Please remember that what the attorneys say is not evidence or your instruction on the law. However, do listen closely to their arguments. They are intended to aid you in understanding the case. Each side will have equal time, but [ the State] [the defendant] is entitled to divide this time between an opening argument and a rebuttal argument after the opponent defendant has spoken.

Comment
This instruction was approved in 1981 and amended in 2007.
3.3(f) AGGRAVATION OF A FELONY BY EVIDENCING PREJUDICE CRIME BY SELECTING A VICTIM BASED ON PREJUDICE

§ 775.085, Fla. Stat.
The punishment provided by law for the crime of(crime charged) is greater if the defendant was motivated by prejudice to commit the crime. Therefore, iIf you find the defendant that(defendant) committed (crime charged or a lesser included crime) guilty of (crime charged) you must then consider the defendant's alleged motivation in committing the crime. and you also find beyond a reasonable doubt that (defendant)
If the State has proven the crime of (crime charged) and if the State has *814 proven beyond a reasonable doubt that (defendant):
1. perceived, knew, or had reasonable ground to perceive or know (victim's) [race] [color] [ancestry] [ethnicity] [religion] [sexual orientation] [national origin] [mental disability] [physical disability] [advanced age], and
2. intentionally selected (victim) because of that perception or knowledge,
then you should find that the defendant was motivated by guilty of (crime charged or lesser included crime) aggravated by the intentional selection of the victim based on prejudice to commit the crime.
If you find that the state has proven the crime of defendant committed (crime charged or a lesser included crime) beyond a reasonable doubt, but has not proven beyond a reasonable doubt that you are not convinced beyond a reasonable doubt that [he] [she] did so by intentionally selecting the victim based on the defendant was motivated by prejudice to commit the crime, then you should find the defendant guilty of only (crime charged or a lesser included crime).
Definitions. Give if applicable.
"Mental or physical disability" means that the victim suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, and has one or more physical or mental limitations that restrict the victim's ability to perform the normal activities of daily living.
"Advanced age" means that the victim is older than 65 years of age.

Comment
This instruction is based on section 775.085, Florida Statutes (Supp.1998). Proof that the defendant intentionally selected the victim is required by the case law. See State v. Stalder, 630 So.2d 1072 (Fla.1994).
This instruction was adopted in 1997 [697 So.2d 84] and amended in 2000 [765 So.2d 692] and 2007.
3.8(a) SIMILAR FACT EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS EVIDENCE "WILLIAMS RULE"

§ 90.404(2)(a) Fla. Stat.
To be given after at the close of evidence, if applicable.
The evidence which has been admitted to show similar other crimes, wrongs, or acts allegedly committed by the defendant will be considered by you only as that evidence relates to proof of [motive] [opportunity] [intent] [preparation] [plan] [knowledge] [identity] [the absence of mistake or accident] on the part of the defendant [or] [to corroborate the testimony of (name of child)].

Comment
See § 90.404(2)(b) Fla. Stat., effective July 1, 2001, in child molestation cases. The part of the instruction that allows similar fact evidence to corroborate the testimony of the victim should only be given in some cases involving child victims of sexual abuse. SeeHeuring v. State, 513 So.2d 122 (Fla.1987); Saffor v. State, 660 So.2d 668 (Fla.1994); State v. Rawls, 649 So.2d 1350 (Fla.1994).
This instruction was adopted in 1981 and was amended in 2000 [765 So.2d 692], and 2007.

*815 8.18 VIOLATION OF DOMESTIC VIOLENCE INJUNCTION

[ § 741.31(4)(a), Fla. Stat. reserved]
To prove the crime of Violation of a Domestic Violence Injunction, the State must prove the following two elements beyond a reasonable doubt:
1. A temporary or final injunction f or protection against domestic violence was issued by a court against (defendant).
2. (Defendant) willfully violated the injunction by (alleged violation of section 741.31(4)(a)).
Definition.
"Willfully" means knowingly, intentionally and purposely.

Lesser Included Offenses

VIOLATION OF DOMESTIC VIOLENCE INJUNCTION  741.31

-----------------------------------
CATEGORY CATEGORY FLA. INS.
ONE TWO STAT. NO.
-----------------------------------
None
-----------------------------------
 Attempt 777.04(1) 5.1
-----------------------------------

Comment
This instruction was adopted in 2007.
8.19 VIOLATION OF REPEAT VIOLENCE, SEXUAL VIOLENCE, OR DATING VIOLENCE INJUNCTION

[§ 784.047, Fla. Stat. reserved]
To prove the crime of Violation of a [Repeat] [Sexual] [Dating] Violence Injunction, the State must prove the following two elements beyond a reasonable doubt:
1. An injunction for protection against [repeat] [sexual] [dating] violence was issued by a court against (defendant).
2. (Defendant) willfully violated the injunction by (alleged violation of section 784.047).
Definition.
"Willfully" means knowingly, intentionally and purposely.

Lesser Included Offenses

VIOLATION OF REPEAT VIOLENCE, SEXUAL VIOLENCE OR DATING VIOLENCE INJUNCTION  784.047

---------------------------------------
CATEGORY CATEGORY
ONE TWO FLA. STAT INS. NO.
---------------------------------------
None
---------------------------------------
 Attempt 777.04(1) 5.1
---------------------------------------

Comment
This instruction was adopted in 2007.
11.11 LEWD AND LASCIVIOUS BEHAVIOR LEWD OR LASCIVIOUS OFFENSES COMMITTED UPON OR IN THE PRESENCE OF AN ELDERLY PERSON OR DISABLED PERSON

[§ 798.02 reserved] § 825.1025, Fla. Stat.
To prove the crime of [Lewd or Lascivious Battery] [Lewd or Lascivious Molestation] [Lewd or Lascivious Exhibition] upon or in the Presence of an Elderly Person or Disabled Person, the State must prove the following three elements beyond a reasonable doubt:
1. (Victim) was [an elderly] [a disabled] person.
Give 2a, 2b, or 2c as applicable.
2. a. (Defendant) committed lewd and lascivious battery by encouraging, forcing, or enticing(victim) to engage in [sadomasochistic abuse] [sexual bestiality] [prostitution] [any act involving sexual activity]. b. (Defendant) committed lewd and lascivious molestation of (victim) by intentionally touching in a lewd and lascivious manner [his] [her] *816 [breasts] [genitals] [genital area] [buttocks] [clothing covering [his] [her] [breasts] [genitals] [genital area] [buttocks]].
c. (Defendant) committed lewd and lascivious exhibition to (victim) by [intentionally masturbating] [intentionally exposing [his] [her] genitals in a lascivious manner] [committing any other lewd or lascivious act not involving physical or sexual contact with (victim) including but not limited to [sadomasochistic abuse] [sexual bestiality] [simulated any act involving sexual activity]].
3. (Defendant) knew or reasonably should have known that the (victim) lacked the capacity to consent or failed to give consent.
Definitions. Give as applicable.
If 2a or 2c is alleged, define the act charged from § 847.001, Fla. Stat.
"Disabled adult" means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a develop mental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living.
"Elderly person" means a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age or organic brain damage, or other physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide adequately for the person's care or protection is impaired.
"Lacks capacity to consent" means an impairment by reason of mental illness, developmental disability, organic brain disorder, physical illness or disability, chronic use of drugs, chronic intoxication, short-term memory loss, or other cause, that causes an elderly person or disabled adult to lack sufficient understanding or capacity to make or communicate reasonable decisions concerning the elderly person's or disabled adult's person or property.

Lesser Included Offenses

11.14 LEWD OR LASCIVIOUS OFFENSES COMMITTED UPON OR IN THE PRESENCE OF AN ELDERLY PERSON OR DISABLED PERSON  825.1025

---------------------------------------------------
CATEGORY CATEGORY FLA. INS.
ONE TWO STAT. NO.
---------------------------------------------------
None
---------------------------------------------------
 Attempt 777.04(1) 5.1
---------------------------------------------------
 Assault 784.011 8.1
---------------------------------------------------
 Battery 784.03 8.3
---------------------------------------------------
 Unnatural and lascivious
 act 800.02 11.8
---------------------------------------------------
 Exposure of sexual
 organs 800.03 11.9
---------------------------------------------------

Comment
This instruction was adopted in 2007. See Jennings v. State, 920 So.2d 32 (Fla. 2nd DCA 2005).

14.5 THEFT LARCENY OF CABLE TV COMMUNICATIONS SERVICES

§ 812.15(2)(a), Fla. Stat.reserved
To prove the crime of Theft of Communications Services, the State must prove the following three elements beyond a reasonable doubt:
Give 1a or 1b as applicable.
1. (Defendant)knowingly
a. intercepted, received, decrypted, disrupted, transmitted, retransmitted or acquired access to any communication service.
b. assisted [others] [another] in intercepting, receiving, decrypting, disrupting, transmitting, retransmitting or acquiring access to any cable operation or other communication service.

*817 2. (Defendant)did not have the express authorization of the cable operator or other communications service provider to do so.
3. (Defendant)did so with the intent to defraud the cable operator or communications service provider.
If you find the defendant guilty of unlawful reception of communications service, you must further determine beyond a reasonable doubt whether the defendant has been previously convicted of unlawful reception of communications service.
If you find the defendant guilty of unlawful reception of communications service, you must further determine beyond a reasonable doubt whether the defendant acted for the purpose of direct or indirect commercial advantage or private financial gain.
No Defense. § 812.15(9), Fla. Stat.
This offense may be deemed to have been committed at any place where the defendant manufactured, developed or assembled any communications devices involved in the violation, or assists others in these acts, or any place where the communications device is sold or delivered to a purchaser or recipient.
It is not a defense that some of the acts constituting the offense occurred outside the state.
Definitions.
Should the nature of the "franchising authority" become an issue, see 47 U.S.C. s. 522(9-10) (1992) for a definition.
"Cable Operator" means a communications service provider who provides some or all of its communications services pursuant to a "cable television franchise" issued by a "franchising authority."
"Cable System" means any communications service network, system or facility owned or operated by a cable operator.
"Communications Device" means any type of electronic mechanism, transmission line or connections and appurtenances thereto, instrument, device, machine, equipment, or software that is capable of intercepting, transmitting, acquiring, decrypting, or receiving any communications service, or any part, accessory, or component thereof, including any computer circuit, splitter, connector, switches, transmission hardware, security module, smart card, software, computer chip, electronic mechanism, or other component, accessory, or part of any communication device which is capable of facilitating the interception, transmission, retransmission, acquisition, decryption, or reception of any communications service.
"Communications service" means any service lawfully provided for a charge or compensation by any cable system or by any radio, fiber optic, photo-optical, electromagnetic, photoelectronic, satellite, microwave, data transmission, internet-based, or wireless distribution network, system, or facility, including but not limited to, any electronic, data, video, audio, internet access, microwave, and radio communications, transmissions, signals, and service, and any such communications, transmissions, signals, and services lawfully provided for a charge or compensation, directly or indirectly by or through any of those networks, systems, or facilities.
"Communications service provider" means:
1. Any person or entity owning or operating any cable system or any fiber optic, photo-optical, electromagnetic, photoelectronic, satellite, *818 wireless, microwave, radio, data transmission, or internet-based distribution network, system, or facility.
2. Any person or entity providing any lawful communications service, whether directly or indirectly, as a reseller or licensee, by or through any such distribution network, system or facility.
Give 1 or 2 as applicable, only if 1b is charged.
The term "Assist Others" includes:
1. The sale, transfer, license, distribution, deployment, lease, manufacture, development, or assembly of a communication device for the purpose of facilitating the unauthorized receipt, acquisition, interception, disruption, decryption, transmission, retransmission, or access to any communications service offered by a cable operator or any other communications service provider.
2. The sale, transfer, license, distribution, deployment, lease, manufacture, development, or assembly of a communication device for the purpose of defeating or circumventing any effective technology, device, or software, or any component thereof, used by cable operator or other communications service provider to protect any communications service from unauthorized receipt, acquisition interception, disruption, decryption, transmission, retransmission.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2007.

14.6 UNAUTHORIZED POSSESSION OF COMMUNICATIONS DEVICE

§ 812.15(4)(a-c), Fla. Stat.
To prove the crime of Unauthorized Possession of a Communications Device, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) intentionally possessed a communication s device.
2. (Defendant)did not have the express authorization of the cable operator or other communications service provider to possess such a device.
Give 3a or 3b as applicable.
(Defendant)
3. (Defendant)
a. knew or had reason to know that the design of such device rendered it primarily useful to intercept, receive, decrypt, transmit, retransmit or acquire access to any cable operation or other communications service.
b. knew or had reason to know that the design of such device rendered it primarily useful for assisting others to intercept, receive, decrypt, disrupt, transmit, retransmit or acquire access to any communications service.
If you find the defendant guilty of unlawful possession of a communications device, you must determine beyond a reasonable doubt whether the defendant possessed:
Give a, b, or c as applicable.
a. Less than five communications devices.
b. Five or more communications devices but less than fifty.

*819 c. Fifty or more communications devices.
Definitions.
Should the nature of the "franchising authority" become an issue, see 47 U.S.C. s. 522(9-10) (1992) for a definition.
"Cable Operator" means a communications service provider who provides some or all of its communications services pursuant to a "cable television franchise" issued by a "franchising authority."
"Cable System" means any communications service network, system or facility owned or operated by a cable operator.
"Communications Device" means any type of electronic mechanism, transmission line or connections and appurtenances thereto, instrument, device, machine, equipment, or software that is capable of intercepting, transmitting, acquiring, decrypting, or receiving any communications service, or any part, accessory, or component thereof, including any computer circuit, splitter, connector, switches, transmission hardware, security module, smart card, software, computer chip, electronic mechanism, or other component, accessory, or part of any communication device which is capable of facilitating the interception, transmission, retransmission, acquisition, decryption, or reception of any communications service.
"Communications service" means any service lawfully provided for a charge or compensation by any cable system or by any radio, fiber optic, photo-optical, electromagnetic, photoelectronic, satellite, microwave, data transmission, internet-based, or wireless distribution network, system, or facility, including but not limited to, any electronic, data, video, audio, internet access, microwave, and radio communications, transmissions, signals, and service, and any such communications, transmissions, signals, and services lawfully provided for a charge or compensation, directly or indirectly by or through any of those networks, systems, or facilities.
"Communications service provider" means
1. Any person or entity owning or operating any cable system or any fiber optic, photo-optical, electromagnetic, photoelectronic, satellite, wireless, microwave, radio, data transmission, or internet-based distribution network, system, or facility.
2. Any person or entity providing any lawful communications service, whether directly or indirectly, as a reseller or licensee, by or through any such distribution network, system or facility.
Give 1 or 2 as applicable, only if 3b is charged.
The term "Assist Others" includes:
1. The sale, transfer, license, distribution, deployment, lease, manufacture, development, or assembly of a communication device for the purpose of facilitating the unauthorized receipt, acquisition, interception, disruption, decryption, transmission, retransmission, or access to any communications service offered by a cable operator or any other communications service provider.
2. The sale, transfer, license, distribution, deployment, lease, manufacture, development, or assembly of a communication device for *820 the purpose of defeating or circumventing any effective technology, device, or software, or any component thereof, used by cable operator or other communications service provider to protect any communications service from unauthorized receipt, acquisition interception, disruption, decryption, transmission, retransmission.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2007.

21.5 GIVING FALSE INFORMATION CONCERNING THE COMMISSION OF A CRIME

§ 837.05(1), Fla. Stat.
To prove the crime of Giving False Information Concerning the Commission of a Crime, the State must prove the following five elements beyond a reasonable doubt:
1. (Defendant) knowingly gave information about the alleged commission of a crime.
2. (Defendant) knew the information was false.
3. (Defendant) gave the false information to (name of law enforcement officer).
4. (Name of law enforcement officer) was a law enforcement officer.
5. (Defendant) knew that (name of law enforcement officer) was a law enforcement officer.
The court now instructs you that (crime alleged) is a crime, and that a (name the official position of law enforcement officer, such as deputy sheriff or police officer) is a law enforcement officer.

Lesser Included Offenses
No lesser included offenses have been identified for this offense. See Silvestri v. State, 332 So.2d 351, 354 (Fla. 4th DCA 1976).

Comment
See Wright v. State, 58 So.2d 1024, 1030 (Fla. 1991) on how to instruct the jury on who qualifies as a law enforcement officer. See section 843.01, Fla. Stat, for a list of law enforcement officers.
This instruction was adopted in 2007.

21.6 GIVING FALSE INFORMATION CONCERNING THE COMMISSION OF A CAPITAL FELONY

§ 837.05(2), Fla. Stat.
To prove the crime of Giving False Information Concerning the Commission of a Capital Felony, the State must prove the following six elements beyond a reasonable doubt:
1. (Defendant) knowingly gave information about the alleged commission of a crime.
2. (Defendant) knew the information was false.
3. The crime alleged was a capital felony.
4. (Defendant) gave the false information to (name of the law enforcement officer).
5. (Name of law enforcement officer) was a law enforcement officer.
6. (Defendant) knew that (name of law enforcement) was a law enforcement officer.
The court now instructs you that (crime alleged) is a capital felony, and that a (name official position of law enforcement officer, such as deputy sheriff or *821 police officer) is a law enforcement officer.

Lesser Included Offenses

---------------------------------------------------
 GIVING FALSE INFORMATION CONCERNING
 THE COMMISSION OF A CAPITAL FELONY
 837.05(2)
---------------------------------------------------
CATEGORY CATEGORY FLA. INS.
ONE TWO STAT. NO.
---------------------------------------------------
Giving False Information
Concerning
A Crime 837.05(1) 21.5
---------------------------------------------------
False Reports of
Commissions of
Crime 817.49 21.4
---------------------------------------------------

Comment
See Wright v. State, 586 So.2d 1024, 1030 (Fla. 1991) on how to instruct the jury on who qualifies as a law enforcement officer. See Florida Statute § 843.01 for a list of law enforcement officers. Attempt is not a lesser included offense. See Silvestri v. State, 332 So.2d 351, 354 (Fla. 4th DCA 1976).
This instruction was adopted in 2007.

28.13 REFUSAL TO SUBMIT TO TESTING

§ 316.1939 Fla. Stat.
To prove the crime of Refusal to Submit to Testing, the State must prove the following six elements beyond a reasonable doubt:
Give 1a and/or 1b as applicable.
1. A law enforcement officer had probable cause to believe (defendant) [drove] [was in actual physical control of] a motor vehicle in this state while
a. under the influence of [an alcoholic beverage] [(a chemical substance listed in 877.111 Fla. Stat.)] [(a controlled substance listed in Chapter 893)] to the extent (Defendant's) normal faculties were impaired.
b. [his] [her] [breath] [blood] alcohol level was .08 or higher.
Give 2a in cases where the defendant was arrested. Give 2b in cases where the defendant appeared for treatment at a hospital, clinic, or other medical facility and the administration of a breath or urine test was impractical or impossible.
2. a. The law enforcement officer arrested (defendant) for Driving Under the Influence.
b. The law enforcement officer requested a blood test.
3. (Defendant) was informed that if [he] [she] refused to submit to a [chemical] [physical] test of [his] [her] [breath] [blood] [urine], [his] [her] privilege to operate a motor vehicle would be suspended for a period of one year, or, in the case of a second or subsequent refusal, for a period of 18 months.
4. (Defendant) was informed that it is a misdemeanor to refuse to submit to a lawful test of [his] [her] [breath] [blood] [urine], if [his] [her] driving privilege had been previously suspended for a prior refusal to submit to a lawful test of his [breath] [blood] [urine].
5. (Defendant), after being so informed, refused to submit to a [chemical] [physical] test of [his] [her] [breath] [blood] [urine] when requested to do so by a [law enforcement officer] [correctional officer].
6. (Defendant's) driving privilege had been previously suspended for a prior refusal to submit to a lawful test of [his] [her] [breath] [blood] [urine].
*822 Inference.
You are permitted to conclude that (defendant's) driving privilege had been previously suspended for a prior refusal to submit to a lawful test of [his] [her] [breath] [blood] [urine] if a record from the Department of Highway Safety and Motor Vehicles shows such a suspension.
Definitions.
"Motor vehicle" means any self-propelled vehicle not operated upon rails or guideway, but not including any bicycle, motorized scooter, electric personal assistive mobility device, or moped.
"Probable cause" exists where the totality of circumstances, from the perspective of the law enforcement officer's knowledge, training and experience, gave the officer reasonable grounds and a fair probability to believe that a crime had been committed.
Give if applicable.
"Actual physical control" means the defendant must be physically in or on the motor vehicle and have the capability to operate the motor vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 2007.
NOTES
[1] Various grammatical and technical modifications have also been made.
[2] The degree enhancement under section 812.15(3)(a) provides that "[a]ny person who willfully violates paragraph (2)(a), paragraph (4)(a), or subsection (5) and who has been previously convicted of any such provision commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084." Instruction 14.5 as proposed by the Committee included the degree enhancement under section 812.15(3)(b), providing that "[a]ny person who willfully and for purposes of direct or indirect commercial advantage or private financial gain violates paragraph (2)(a), paragraph (4)(a), or subsection (5) commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."
[3] An original and nine paper copies of all comments must be filed with the Court on or before October 29, 2007, with a certificate of service verifying that a copy has been served on the Committee Chair, The Honorable Terry D. Terrell, c/o Les Garringer, Office of the General Counsel, 500 S. Duval Street, Tallahassee, Florida XXXXX-XXXX, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until November 19, 2007, to file a response to any comments filed by interested persons with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court's administrative order in In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).