PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted two proposed standard jury instructions, 21.1 — Resisting Officer with Violence (in Case No. SC08-490) and 21.2 — Resisting Officer without Violence (in Case No. SC08-1487). We requested that the Committee propose revisions to the instructions in light of our opinion in Polite v. State, 973 So.2d 1107 (Fla.2007). In Polite, we concluded that “knowledge of the officer’s status is an essential element of the crime of resisting an officer with violence under section 843.01[, Florida Statutes (2002)].” 973 So.2d at 1118. The Committee requests that we authorize the revised standard instructions for publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.
In April 2007, the Committee proposed amendments to instruction 21.2 in a previous case (Case No. SC07-705) in which we declined to authorize the instruction for publication and use. Later, we referred instruction 21.2 back to the Committee for consideration in light of Polite. The Committee revised instruction 21.2 and published its proposal in the April 1, 2008, edition of The Florida Bar N&ws. One comment was submitted to the Committee. The Committee filed a separate report proposing revised amendments to instruction 21.2, which was assigned case number SC08-1487.
In March 2008, the Committee filed majority and minority reports addressing revisions to instruction 21.1, which were assigned case number SC08-490. Because those revisions had not been published for comments, the Court published the proposal for comments in the April 15, 2008, edition of The Florida Bar News. One comment was filed with the Court. The Committee filed a response along with a proposed amended revision to instruction 21.1.
The Committee later moved for consolidation of case numbers SC08-490 and SC08-1487, requesting that we consider these revised proposed instructions together. The motion for consolidation was granted. Having considered the reports and comments on the revised instructions, we hereby authorize the publication and use of instructions 21.1 and 21.2 as set forth in the appendix attached to this opinion. In doing so, we express no opinion on the correctness of the instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the views of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.
*852 New language is indicated by underlining, and deleted language is struck through. The instructions as set forth in the appendix[1] shall be effective when this opinion becomes final.
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, LEWIS, and CANADY, JJ., concur.
POLSTON, J., did not participate.
APPENDIX
21.1 RESISTING OFFICER WITH VIOLENCE
§ 843.01, Fla. Stat.
To prove the crime of Resisting Officer with Violence, the State must prove the following three four elements beyond a reasonable doubt:
1. (Defendant) knowingly and willfully [resisted] [obstructed] [opposed] (victim) by [offering to do [him] [her] violence] [doing violence to [him] [her]].
2. At the time, (victim) was engaged in the [execution of legal process] [lawful execution of a legal duty].
3. At the time, (victim) was [an officer] [a person legally authorized to execute process].
4. At the time, (Defendant) knew (victim) was [an officer] [a person legally authorized to execute process].

In giving the instruction below, insert the class of officer to which the victim belongs, e.g., law enforcement officer, correctional officer. See Wright v. State, 586 So.2d 1024 (Fla.1991). See § 84-3.01 Fla. Stat. for the type of officer covered by this statute.

The court now instructs you that every (name of official position of victim designated in charge) is an officer within the meaning of this law.
In giving this^ instruction,' do-not refer to the victim by name. — The instruction must-siate-hhe~Glass-of-ojfiG&t^-to-whÁGh4hG victim ■■belongsre:-g~ppoba,tion-9ffiGer-,--G&r-rectional officer. See Wright v. State, 586 So.2d 1024 (Fla.1991).
The court further instructs-you-that (read duty being performed from-charge) constitutes-[-execution-of-legal — process] [•lawful-execution of a legal-duty]*
In -giving- ■this-instnLGtionr refcr-only-to the type of duty or legal-process-that- was being performed, e.g., making an arrest, sewing a subpoena, sewing a■ domestic violence order. See Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992).

Note to Judge:

A special instruction incorporating § 776.051(1) Fla. Stat. should be given when the defense claims the officer was acting unlawfully.

A special instruction incorporating instructions 3.6(f); 3.6(g); and/or 3.6(h) should be given when the defense claims the police used excessive force.

Definition. Give if applicable.

“Offering” to do violence means threatening to do violence.

*853
Walker v. State, 965 So.2d 1281 (Fla. 2nd DCA 2007).

Lesser Included Offenses
RESISTING OFFICER WITH VIOLENCE — 843.01
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
None
Resisting officer without violence 843.02 21.2
Comment
This instruction was adopted in 1981 and amended in 1995 and 2008.
21.2 RESISTING OFFICER WITHOUT VIOLENCE
§ 843.02, Fla. Stat.
To prove the crime of Resisting Officer without Violence, the State must prove the following three four elements beyond a reasonable doubt:
1. (Defendant) [resisted] [obstructed] [opposed] (victim).
2. At the time, (victim) was engaged in the [execution of legal process] [lawful execution of a legal duty].
3. At the time, (victim) was a» [an officer] [a person legally authorized to execute process].
4. At the time, (defendant) knew (victim) was [an officer] [a person legally authorized to execute process].

In giving the instruction below, insert the class of officer to which the victim belongs, e.g., law enforcement officer, correctional officer. See Wright v. State, 586 So.2d 1024 (Fla.1991). See § 813.02 Fla. Stat. for the type of officer covered by this statute.

The court now instructs you that every (name of official position of victim designated in charge) is an officer within the meaning of this law.
In giving this instruction, do not refer to-the ■victim by name. — ¥he-instruction must state the class ofoffiee-rs to which-the viGtim belongs, e.g., probation-officer, cor-reetimal officer. — See Wright-v-State, 586 Se£d~mi (Fla.1991),
The court further instructs you that (read duty being performed--from charge) constitutes [execution of legal process] [lawful execution of-a-legal duty].
In giving this instruction, refer only to the-type of duty or legal process that was being performed, e.g-.-■ making an arrest^ serving a subpoena, serving--a domestic violence order. See Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992).
*854 Lesser Included Offenses
RESISTING OFFICER WITHOUT VIOLENCE — 843.02
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
None_
Attempt_777.04(1)5.1
Comment
This instruction was adopted in 1981 [431 So.2d 594] and amended in 1989 [543 So.2d 1205], and 1995 [657 So.2d 1152] and 2008.

. The amendments as reflected in the appendix are to the Standard Jury Instructions in Criminal Cases as they appear on the Court’s website at www.floridasupremecourt.org/ jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 18, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.