# Supreme Court of Florida

_____

No. SC13-2383
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—REPORT NO. 2013-07.**

[July 10, 2014]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard criminal jury instructions and asks that the Court authorize the amended standard instructions for publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.

The Committee's proposed changes affect the following existing standard jury instructions:[1] 2.7, Closing Argument; 3.6(k), Duress or Necessity; 21.1, Resisting Officer with Violence; 21.2, Resisting Officer Without Violence; 21.4, False Report of Commission of a Crime; 21.5, Giving False Information Concerning Commission of a Crime; 21.6, Giving False Information Concerning

---

1. Some of the instructions are amended by changing their titles. We use the new titles here.

Commission of a Capital Felony; 22.5, Setting Up, Conducting, or Promoting a Lottery; 29.13, Aggravated Animal Cruelty; and 29.13(a), Animal Cruelty. The Committee also proposes two new instructions: 8.23, Extortion, and 25.15(a), Retail Sale of Drug Paraphernalia. Prior to filing its report with the Court, the Committee published its proposals in the November 1, 2013, edition of The Florida Bar News and received comments. After considering the comments it received, the Committee made some changes to its proposals before filing its report with the Court. Having considered the Committee's report, we authorize the amended instructions for publication and use with certain changes or exceptions as indicated below.

The Committee proposes an amendment to the "Note to Judge" within Instruction 21.1, Resisting Officer with Violence, which currently provides: "A special instruction incorporating § 776.051(1), Fla. Stat. should be given when the defense claims the officer was acting unlawfully."[2] The Committee proposes that the Note to Judge be amended to restrict the note's application to cases of resisting

_____

2. Section 776.051(1), Florida Statutes (2013), provides:

A person is not justified in the use of force to resist an arrest by a law enforcement officer, or to resist a law enforcement officer who is engaged in the execution of a legal duty, if the law enforcement officer was acting in good faith and he or she is known, or reasonably appears, to be a law enforcement officer.

arrest.  The Committee's proposal would amend the note to read: "A special instruction incorporating § 776.051(1), Fla. Stat., should be given when the defendant was resisting an arrest by a law enforcement officer and the defense claims the officer was acting unlawfully."  (The underlining indicates the proposed new language.)  The Committee's rationale is that "there are circumstances other than an arrest (such as resisting during a detention) where Instruction 21.1 applies, but Florida Statute 776.051(1) does not."  However, section 776.051(1) applies to resisting an officer as well as to resisting arrest.  Therefore, we revise the Committee's proposed amendment and amend the Note to Judge to read as follows: "A special instruction incorporating § 776.051(1), Fla. Stat., should be given when the defendant is charged with resisting an arrest by a law enforcement officer or with resisting a law enforcement officer and the defense claims the officer was acting unlawfully."

In Instruction 22.5, Setting Up, Promoting, or Conducting a Lottery, the Committee proposes that the definition of "lottery" be amended.[3]  The proposal

---

3.  The statute that makes it a crime to set up, promote, or conduct a lottery does not define the term "lottery."  See § 849.09, Fla. Stat. (2013).  Instruction 22.5 includes the following definition:

> A "lottery" is a game of chance in which smaller sums of money or things of smaller value are risked for the chance of getting money or property of greater value upon the happening of an uncertain event.  The three elements of a lottery are:

would delete the phrase that follows the words "a lottery is" and define the term by reference to the three elements as follows: "A 'lottery' has three elements: (1) consideration—that is, a bet or thing ventured; (2) a prize; and (3) the award or winning of the prize by lot or chance." In the proposal, this amended definition is followed by new definitions of the terms "bet," "thing ventured," and "prize by lot or chance." We note that there are six other standard instructions for other lottery-related offenses proscribed by section 849.09, Florida Statutes (2013). See Fla. Std. Jury Instr. (Crim.) 22.6–22.11.[4] We are concerned that if we authorize for publication and use the Committee's proposed revision of Instruction 22.5, the definition of "lottery" in Instruction 22.5 will be different from the definition of "lottery" that appears in the other six instructions. We therefore decline to

---

(1) consideration—that is, a bet or thing ventured; (2) a prize; and (3) the award or winning of the prize by lot or chance.

4. In addition to the offense of setting up, promoting, or conducting a lottery, see § 849.09(1)(a), the statute forbids disposing of money or property by means of a lottery, § 849.09(1)(b); conducting a lottery drawing for prizes by lot or chance or advertising one, § 849.09(1)(c); aiding or assisting in a lottery or drawing, § 849.09(1)(d); attempting to conduct or advertise a lottery, § 849.09(1)(e); possessing a device for conducting a lottery, § 849.09(1)(f); selling, offering to sell, or transmitting a lottery ticket or a share of one, § 849.09(1)(g); possessing a lottery ticket or evidence of a share of one, § 849.09(1)(h); aiding or assisting in the sale, disposal, or procurement of a lottery ticket or a share of one, § 849.09(1)(i); possessing any lottery advertisement, circular, poster, pamphlet, or list or schedule of prizes, § 849.09(1)(j); and possessing papers, records, or instruments to be used in connection with lotteries or other illegal gambling, § 849.09(1)(k).

- 4 -

authorize the proposed revision at this time and ask the Committee to study the matter further in connection with possible amendments to Instructions 22.6–22.11.

As stated above, we have revised the Committee's proposal with respect to the "Note to Judge" section of Instruction 21.1, Resisting Officer with Violence. And we defer consideration of the Committee's proposed amendment of the definition of "lottery" in Instruction 22.5, Setting Up, Promoting or Conducting a Lottery, pending the Committee's reconsideration, which we hereby request, of its proposal in connection with the standard instructions on other lottery-related offenses. With these exceptions, we authorize the proposed instructions for publication and use.

We authorize the amended instructions, as set forth in the appendix to this opinion, for publication and use.[5] New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses

---

5. The amendments as reflected in the appendix are to the instructions as they appear on the Court's website at www.floridasupremecourt.org/jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

- 5 -

neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Honorable Joseph Anthony Bulone, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Clearwater, Florida, and Bart Schneider, Senior Attorney, Office of State Court Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 2.7 CLOSING ARGUMENT
§ 918.19, Fla. Stat.

**Both the State and the defendant have now rested their case.**

**The attorneys now will present their final arguments.  Please remember that what the attorneys say is not evidence or your instruction on the law. However, do listen closely to their arguments.  They are intended to aid you in understanding the case.  Each side will have equal time, but the State is entitled to divide this time between an opening argument and a rebuttal argument after the** ~~**defendant**~~ **defense has** ~~**spoken**~~**given its closing argument.**

### Comment

This instruction was approved in 1981 and amended in 2007 ~~[SC07-325, Corrected Opinion, August 30, 2007]~~ [965 So. 2d 811] and 2014.

## 3.6(k) DURESS OR NECESSITY

**An issue in this case is whether** (defendant) **acted out of [duress] [necessity] in committing the crime of** (crime charged) (lesser included offenses)**.**

**It is a defense to the** (crime charged) (lesser included offenses) **if the defendant acted out of [duress] [necessity]. In order to find the defendant committed the** (crime charged) (lesser included offense) **out of [duress] [necessity], you must find the following six elements:**

1. **The defendant reasonably believed [a danger] [an emergency] existed which was not intentionally caused by [himself] [herself].**

2. a. **The [danger] [emergency] threatened significant harm to [himself] [herself] [a third person].**

   *Give 2b if escape charged.*
   b. **The [danger] [emergency] threatened death or serious bodily injury.**

3.  **The threatened harm must have been real, imminent, and impending.**

*Give 4a if escape is not charged.*

4.  a.  **The defendant had no reasonable means to avoid the [danger] [emergency] except by committing the** (crime charged) (lesser included offenses)**.**

*If escape is charged, the court must first determine whether the defendant has satisfied the conditions precedent enumerated in Muro v. State, 445 So.2d 374 (Fla. 3d DCA 1984), and Alcantaro v. State, 407 So.2d 922 (Fla. 1st DCA 1981), and if so, give 4b.*

    b.  **The defendant left [the place of [his] [her] confinement] [the vehicle in which [he] [she] was being transported] [to] [from] [his] [her] work on a public road] because [he] [she] reasonably believed that escape was necessary to avoid the danger of death or serious injury, rather than with the intent to elude lawful authority.**

5.  **The** (crime charged) (lesser included offenses) **must have been committed out of [duress] [necessity] to avoid the [danger] [emergency].**

6.  **The harm that the defendant avoided must outweigh the harm caused by committing the** (crime charged) (lesser included offenses)**.**

*Definitions.*

**"Imminent and impending" means the [danger] [emergency] is about to take place and cannot be avoided by using other means. A threat of future harm is not sufficient to prove this defense. Nor can the defendant use the defense of [duress] [necessity] if [he] [she] committed the crime after the danger from the threatened harm had passed.**

**The reasonableness of the defendant's belief that [a danger] [an emergency] existed should be examined in the light of all the evidence.**

**In deciding whether it was necessary for the defendant to commit the** (crime charged) (lesser included offenses)**, you must judge the defendant by the circumstances by which [he] [she] was surrounded at the time the crime was committed.**

8

**The [danger] [emergency] facing the defendant need not have been actual; however, to justify the commission of the** (crime charged) (lesser included offenses)**, the appearance of the [danger] [emergency] must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the [danger] [emergency] could be avoided only by committing the** (crime charged) (lesser included offenses)**. Based upon appearances, the defendant must have actually believed that the [danger] [emergency] was real.**

**If you have a reasonable doubt as to whether the defendant committed the** (crime charged) (lesser included offenses) **out of [duress] [necessity], you should find the defendant not guilty**.

**However, if you are convinced beyond a reasonable doubt that the defendant did not commit the** (crime charged) (lesser included offenses) **out of [duress] [necessity], you should find the defendant guilty if all the elements of the charge have been proved.**

## Comment

Duress is not a defense to premeditated murder or attempted premeditated murder. See *Wright v. State*, 402 So. 2d 493 (Fla. 3d DCA 1981) and *Cawthon v. State*, 382 So. 2d 796 (Fla. 1st DCA 1980). It is unclear whether duress is a defense to other forms of homicide. Review Judge Ervin's opinion in *Chestnut v. State*, 505 So. 2d 1352 (Fla. 1st DCA 1987), and the language in *Gahley v. State*, 567 So. 2d 456 (Fla. 1st DCA 1990), *Corujo v. State*, 424 So. 2d 43 (Fla. 2d DCA 1982), and *Hunt v. State*, 753 So. 2d 609 (Fla. 5th DCA 2000).

For the defense of necessity for the charge of Felon in Possession of a Firearm, see *State v. Chambers*, 890 So. 2d 456 (Fla. 2d DCA 2004) and *Marrero v. State*, 516 So. 2d 1052 (Fla. 3d DCA 1987).

This instruction was adopted in July 1998 and amended in 2012 [95 So. 3d 868] and 2014.

# 8.23 EXTORTION
§836.05, Fla. Stat.

**To prove the crime of Extortion, the State must prove the following [four] [five] elements beyond a reasonable doubt:**

1. (Defendant) **made a [written] [printed] [verbal] communication to** (name of person)**.**

2. **In that communication,** (defendant) **threatened to**

   *Give as applicable.*
   **a.** **accuse another person of any [crime] [offense].**

   **b.** **injure another person.**

   **c.** **injure the [property] [reputation] of another person.**

   **d.** **expose another person to disgrace.**

   **e.** **expose any secret affecting another person.**

   **f.** **impute any deformity or lack of chastity to another person.**

3. (Defendant's) **threat was made maliciously.**

4. (Defendant's) **threat was made with the intent to**

   *Give as applicable.*
   **a.** **extort money [or any pecuniary advantage whatsoever] from [**(name of person)**] [any person].**

   **b.** **compel [**(name of person)**] [any person] to do any act or refrain from doing any act against [his] [or] [her] will.**

   *If the person in element #1 is not the same person in element #4, then the defendant's threat was indirect. In those cases, the trial judge must also instruct on element #5. See Calamia v. State, 125 So. 3d 1007 (Fla. 5th DCA 2013).*

5. **At the time** (defendant) **made the threat, [he] [she] intended that the threat be communicated to** (insert name of person in element #4 who was extorted or compelled)**.**

*Definition of "maliciously." The appellate courts are in conflict as to whether the extortion statute requires actual malice or legal malice. In the absence of clarification from the legislature or the Florida Supreme Court, trial judges must choose one of the following:*

*Dudley v. State, 634 So. 2d 1093 (Fla. 2ᵈ DCA 1994); Alonso v. State, 447 So. 2d 1029 (Fla. 4ᵗʰ DCA 1984).*
**"Maliciously" means intentionally and without any lawful justification.**

*Calamia v. State,125 So. 3d 1007 (Fla. 5ᵗʰ DCA 2013).*
**"Maliciously" means with ill will, hatred, spite, or an evil intent.**

## Lesser Included Offenses

No lesser-included offenses have been identified for this crime. Attempted extortion is not a crime. *Achin v. State*, 436 So. 2d 30 (Fla. 1982).

## Comment

It is not necessary for the State to prove the actual intent to do harm nor the ability to carry out the threat. Threats to cause mental or psychological damage are prohibited under this statute. *Duan v. State,* 970 So. 2d 903 (Fla. 1ˢᵗ DCA 2007).

This instruction was adopted in 2014.

## 21.1 RESISTING OFFICER WITH VIOLENCE
§ 843.01, Fla. Stat.

**To prove the crime of Resisting Officer with Violence, the State must prove the following four elements beyond a reasonable doubt:**

*Note to Judge: An issue arises when the State charges that the defendant resisted more than one officer in one count. Under the current law, a defendant can commit only one count of Resisting With Violence even if several officers are involved in the same event. See Wallace v. State, 724 So. 2d 1176 (Fla. 1998). One possible remedy for this problem would be to instruct:*
**To prove the crime of Resisting Officer withViolence, the State must prove all of the following four elements beyond a reasonable doubt as to at least one of the alleged victims named below:**

11

1.  (Defendant) **knowingly and willfully [resisted] [obstructed] [opposed]** (victim) **by [offering to do [him] [her] violence] [doing violence to [him] [her]].**

2.  **At the time,** (victim) **was engaged in the [execution of legal process] [lawful execution of a legal duty].**

3.  **At the time,** (victim) **was [an officer] [a person legally authorized to execute process].**

4.  **At the time,** (Defendant) **knew** (victim) **was [an officer] [a person legally authorized to execute process].**

*In giving the instruction below, insert the class of officer to which the victim belongs, e.g., law enforcement officer, correctional officer. See Wright v. State, 586 So. 2d 1024 (Fla. 1991). See §843.01 Fla. Stat. for the type of officer covered by this statute.*

**The court now instructs you that every** (name of official position of victim designated in charge) **is an officer within the meaning of this law.**

*Note to Judge:*

*A special instruction incorporating § 776.051(1) Fla. Stat. should be given when the <u>defendant is charged with resisting an arrest by a law enforcement officer or with resisting a law enforcement officer and the </u>defense claims the officer was acting unlawfully.*

*A special instruction incorporating instructions 3.6(f); 3.6(g); and/or 3.6(h) should be given when the defense claims the police used excessive force.*

*Definition. Give if applicable.*
**"Offering" to do violence means threatening to do violence.**
*Walker v. State, 965 So. 2d 1281 (Fla. 2nd DCA 2007).*

**Lesser Included Offenses**

| RESISTING OFFICER WITH VIOLENCE — 843.01 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Resisting officer without violence | 843.02 | 21.2 |

**Comment**

This instruction was adopted in 1981 and amended in 1995 [657 So. 2d 1152], ~~and~~ 2008 [996 So. 2d 851], and 2014.

**21.2 RESISTING OFFICER WITHOUT VIOLENCE**
§ 843.02, Fla. Stat.

**To prove the crime of Resisting Officer without Violence, the State must prove the following four elements beyond a reasonable doubt:**

*Note to Judge: An issue arises when the State charges that the defendant resisted Officer X or Officer Y. Under the current law, a defendant can commit only one count of Resisting Without Violence even if several officers are involved in the same event. See Wallace v. State, 724 So. 2d 1176 (Fla. 1998). One possible remedy for this problem would be to instruct:*

**To prove the crime of Resisting Officer without Violence, the State must prove all of the following four elements beyond a reasonable doubt as to at least one of the alleged victims named below:**

1. (Defendant) **[resisted] [obstructed] [opposed]** (victim)**.**

2. **At the time,** (victim) **was engaged in the [execution of legal process] [lawful execution of a legal duty].**

3. **At the time,** (victim) **was [an officer] [a person legally authorized to execute process].**

13

**4.** **At the time,** (defendant) **knew** (victim) **was [an officer][a person legally authorized to execute process].**

*In giving the instruction below, insert the class of officer to which the victim belongs, e.g., law enforcement officer, correctional officer. See Wright v. State, 586 So. 2d 1024 (Fla. 1991). See § 843.02 Fla. Stat. for the type of officer covered by this statute.*

**The court now instructs you that every** (name of official position of victim designated in charge) **is an officer within the meaning of this law.**

### Lesser Included Offenses

| RESISTING OFFICER WITHOUT VIOLENCE — 843.02 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

### Comment

This instruction was adopted in 1981 [431 So. 2d 594] and amended in 1989 [543 So. 2d 1205], 1995 [657 So.2d 1152], ~~and~~2008 [996 So. 2d 851], and 2014.

### 21.4 FALSE REPORT~~S~~ OF COMMISSION~~S~~ OF <u>A</u> CRIME
§ 817.49, Fla._Stat.

**To prove the crime of False Report~~s~~ of <u>Commission of </u>a Crime, the State must prove the following four elements beyond a reasonable doubt:**

1.  (Defendant) **willfully [gave or ~~said~~<u>provided</u>] [caused to be given or ~~said~~<u>provided</u>] false information or a report about the alleged commission of a crime under Florida law <u>to</u>** (name of law enforcement officer)**.**

2.  ~~[He] [She]~~ (Defendant) **knew the information or report was false because <u>[he] [she] knew that </u>no such crime had actually been committed.**

14

**3.** ~~The information or report was [given or said] [caused to be given or said] to a law enforcement officer.~~ <u>(Name of law enforcement officer)</u> **was a law enforcement officer.**

**4.** ~~[He] [She]~~ <u>(Defendant)</u> **knew** ~~or should have known~~
(――――――――) <u>(name of law enforcement officer)</u> **was a law enforcement officer.**

**<u>The Court now instructs you that</u>** (insert name of crime) **is a crime.**

<u>*Definitions.*</u>
<u>*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*</u>
**"Willfully" means intentionally, knowingly, and purposely.**

*§ 775.08, Fla. Stat.*
~~"Crime" means a felony or misdemeanor.~~

*Optional Definitions. § 775.08(1), Fla. Stat.*
~~"Felony" means any criminal offense punishable by death or imprisonment in a state penitentiary.~~

*§ 775.08(2), Fla.Stat.*
~~"Misdemeanor" means any criminal offense punishable by imprisonment in a county correctional facility not in excess of one year.~~

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

~~The definition of law enforcement officer is contained in §§ 843.01, 843.02, Fla.Stat.~~ <u>"Law enforcement officer" is not defined in chapter 817, Florida Statutes, or in case law interpreting and applying section 817.49. Trial judges may consult sections 790.001, 934.02, and 943.10 in deciding whether and how to define "law enforcement officer" for the jury.</u>

This instruction was adopted in 1981 <u>and amended in 2014.</u>

## 21.5 GIVING FALSE INFORMATION CONCERNING THE COMMISSION OF A CRIME
§ 837.05(1), Fla. Stat.

**To prove the crime of Giving False Information Concerning the Commission of a Crime, the State must prove the following five elements beyond a reasonable doubt:**

1. (Defendant) **knowingly gave information about the alleged commission of a crime.**

2. (Defendant) **knew the information was false.**

3. (Defendant) **gave the false information to** (name of law enforcement officer)**.**

4. (Name of law enforcement officer) **was a law enforcement officer.**

5. (Defendant**) knew that** (name of law enforcement officer) **was a law enforcement officer.**

**The court now instructs you that** (crime alleged) **is a crime, and that a** (do not name the officer, instead insert his or her official position of law enforcement officer, such as deputy sheriff or police officer*)* **is a law enforcement officer.**

*Unless the false information concerns a capital offense (see Instruction 21.6), this crime is a misdemeanor of the first degree. However, if the defendant was previously convicted of this crime and if certain conditions were met, the crime becomes a third degree felony. See § 837.05(1)(b), Fla. Stat.*

*If the State has alleged the third degree felony, do not read the allegation of a prior conviction and do not send the charging document into the jury room. If the defendant is found guilty of Giving False Information Concerning the Commission of a Crime, the historical fact of a prior conviction shall be determined in a bifurcated proceeding. State v. Harbaugh, 754 So. 2d 691 (Fla. 2000).*

*Give if applicable.*

**You have found** (defendant) **guilty of Giving False Information Concerning the Commission of a Crime. You must now determine whether the State has proven beyond a reasonable doubt the following two elements:**

16

**1.** (Defendant) **was previously convicted of Giving False Information Concerning the Commission of a Crime in violation of Florida Statute 837.05(1).**

*Give 2a and/or 2b as applicable.*
**2.** **a.** **The information** (defendant) **gave to** (name of law enforcement officer) **was communicated orally and** (name of law enforcement officer's) **account of that information was corroborated by [an audio recording or audio recording in a video of that information] [a written or recorded statement made by** (defendant)**] [another person who was present and who heard** (defendant) **give the information to** (name of law enforcement officer)**].**

**b.** **The information** (defendant) **gave to** (name of law enforcement officer) **was communicated in writing.**

### Lesser Included Offenses

No lesser included offenses have been identified for this offense. *See Silvestri v. State*, 332 So.2d 351, 354 (Fla. 4th DCA 1976).

### Comment

*See Wright v. State*, 586 So.2d 1024, 1030 (Fla. 1991) on how to instruct the jury on who qualifies as a law enforcement officer. See section 843.01, Fla. Stat, for a list of law enforcement officers. "Law enforcement officer" is not defined in chapter 837, Florida Statutes, or in case law interpreting and applying section 837.05. Trial judges may consult sections 790.001, 934.02, and 943.10 in deciding whether and how to define "law enforcement officer" for the jury.

For the enhancement section, there is no case law about whether an adjudication of guilt is necessary for there to be a prior conviction.

This instruction was adopted in 2007 [965 So. 2d 811] and amended in 2014.

**21.6 GIVING FALSE INFORMATION CONCERNING THE COMMISSION OF A CAPITAL FELONY**
§ 837.05(2), Fla. Stat.

**To prove the crime of Giving False Information Concerning the Commission of a Capital Felony, the State must prove the following six elements beyond a reasonable doubt:**

1. (Defendant) **knowingly gave information about the alleged commission of a crime.**

2. (Defendant) **knew the information was false.**

3. **The crime alleged was a capital felony.**

4. (Defendant) **gave the false information to** (name of the law enforcement officer)**.**

5. (Name of law enforcement officer) **was a law enforcement officer.**

6. (Defendant) **knew that** (name of law enforcement) **was a law enforcement officer.**

**The court now instructs you that** (crime alleged) **is a capital felony, and that a** *(do not name the officer, instead insert his or her official position ~~of law enforcement officer~~, such as deputy sheriff or police officer)* **is a law enforcement officer.**

**Lesser Included Offenses**

| GIVING FALSE INFORMATION CONCERNING THE COMMISSION OF A CAPITAL FELONY — 837.05(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Giving False Information Concerning A Crime | | 837.05(1) | 21.5 |
| ~~False Reports of Commissions of Crime~~ | False Report of Commission of Crime | 817.49 | 21.4 |

18

**Comment**

*See Wright v. State*, 586 So.2d 1024, 1030 (Fla. 1991) on how to instruct the jury on who qualifies as a law enforcement officer.  See Florida Statute § 843.01 for a list of law enforcement officers.  "Law enforcement officer" is not defined in chapter 837, Florida Statutes, or in case law interpreting and applying section 837.05.  Trial judges may consult sections 790.001, 934.02, and 943.10 in deciding whether and how to define "law enforcement officer" for the jury.

Attempt is not a lesser included offense.  See *Silvestri v. State*, 332 So.2d 351, 354 (Fla. 4th DCA 1976).

This instruction was adopted in 2007 [965 So. 2d 811]SC07-325, Corrected Opinion, August 30, 2007] and amended in 2014.

## 22.5 SETTING UP, PROMOTING, OR CONDUCTING A LOTTERY
§ 849.09(1)(a), Fla. Stat.

**To prove the crime of [Setting Up] [Promoting], [Conducting a Lottery], the State must prove beyond a reasonable doubt that:** (defendant) **participated in [setting up] [promoting] [conducting] a lottery by** (read from charge)**.**

(Defendant) **[set up] [promoted] [conducted] a lottery for [money] [anything of value].**

*When the charge goes into detail as to the modus operandi, it would be proper to add its language to the foregoing.*

*Definition.*
**A "lottery" is a game of chance in which smaller sums of money or things of smaller value are risked for the chance of getting money or property of greater value upon the happening of an uncertain event. The three elements of a lottery are: (1) consideration — that is, a bet or thing ventured; (2) a prize; and (3) the award or winning of the prize by lot or chance.**

**It is not necessary for the State to prove that the defendant had exclusive control or management of the lottery, but [he] [she] must be shown to have exercised some of the elements of management of the lottery either as owner or part owner, or as an agent or employee of an owner or part owner.**

**It is not sufficient to show that the defendant merely had possession of or sold lottery tickets or had possession of records of sale of lottery tickets, but these circumstances, if established, may be considered with other evidence in determining whether guilt of actual participation in [setting up] [promoting] [conducting] a lottery has been proved.**

*If there is evidence of an exception referred to at the end of § 849.09(1), Fla._Stat., in § 849.092 Fla._Stat., § 849.0931, Fla. Stat., § 849.0935, Fla. Stat., or in § 849.161 Fla. Stat., an appropriate instruction should be given.* ~~When the charge goes into detail as to the modus operandi, it would be proper to add its language.~~

## Lesser Included Offenses

| LOTTERY — 849.09(1)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Lottery | 849.09(1)(f) | |
| | Lottery | 849.09(1)(g) | 22.9 |
| | Lottery | 849.09(1)(h) | 22.10 |
| | Lottery | 849.09(1)(i) | |
| | Lottery | 849.09(1)(j) | |
| | Lottery | 849.09(1)(k) | 22.11 |
| | Playing at game of chance by lot | 849.11 | |
| | Gambling devices, etc. | 849.231 | |
| | Attempt | 777.04 | 5.1 |

## Comment

*See Blackburn v. Ippolito*, 156 So. 2d 550 (Fla. 2d DCA 1963)("[T]hings other than money can constitute a sufficient consideration, moving from the participants in such scheme to the operators without any cash outlay being made.") citing to *Dorman v. Publix-Saenger-Sparks Theatres*, 184 So. 886 (Fla. 1938) ("The consideration required to support a simple contract need not be money or anything having a monetary value, but may consist of either a benefit to the promisor or a detriment to the promisee.") and *Little River Theatre Corporation v. State*, 185 So. 855 (Fla. 1939)(holding that increased attendance and receipts at a

theater offering a "bank night" drawing satisfied the element of consideration, even though persons could participate in the drawing without purchasing a ticket).

This instruction was adopted in 1981 and amended in 2014.

### 25.15(a) RETAIL SALE OF DRUG PARAPHERNALIA
§ 893.147(6), Fla. Stat.

**To prove the crime of Retail Sale of Drug Paraphernalia, the State must prove the following two elements beyond a reasonable doubt:**

1.  (Defendant) **knowingly and willfully [sold] [offered for sale] at retail one or more objects defined as drug paraphernalia.**

2.  **The object[s] [was] [were]:**

    *Give as applicable. § 893.145(12)(a)-(c), (g)-(m)*
    (a)  **[a] metal, wooden, acrylic, glass, stone, plastic, or ceramic pipe[s].**
    (b)  **[a] water pipe[s].**
    (c)  **[a] carburetion tube[s] and device[s].**
    (d)  **[a] chamber pipe[s].**
    (e)  **[a] carburetor pipe[s].**
    (f)  **[an] electric pipe[s].**
    (g)  **[an] air-driven pipe[s].**
    (h)  **[a] chillum[s].**
    (i)  **[a] bong[s].**
    (j)  **[an] ice pipe[s] or [a] chiller[s].**

*Definitions.*

**"Knowingly" means with actual knowledge and understanding of the facts or the truth.**

**"Willfully" means intentionally, knowingly, and purposely.**

**The term "drug paraphernalia" means an object used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing cannabis, cocaine, hashish, hashish oil, or nitrous oxide into the human body.**

21

*Relevant factors. § 893.146, Fla. Stat.*
**In addition to all other logically relevant factors, the following factors shall be considered in determining whether an object is drug paraphernalia:**

1. **Statements by an owner or by anyone in control of the object concerning its use.**

2. **The proximity of the object, in time and space, to a direct violation of the drug laws.**

3. **The proximity of the object to controlled substances.**

4. **The existence of any residue of controlled substances on the object.**

5. **Evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons whom [he] [she] knows, or should reasonably know, intend to use the object to facilitate a violation of the drug laws. The innocence of an owner, or of anyone in control of the object, as to a direct violation of the drug laws shall not prevent a finding that the object is intended for use, or designed for use, as drug paraphernalia.**

6. **Instructions, oral or written, provided with the object concerning its use.**

7. **Descriptive materials accompanying the object which explain or depict its use.**

8. **Any advertising concerning its use.**

9. **The manner in which the object is displayed for sale.**

10. **Whether the owner, or anyone in control of the object, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products.**

11. **Evidence of the ratio of sales of the object or objects to the total sales of the business enterprise.**

**12.** **The existence and scope of legitimate uses for the object in the community.**

**13.** **Expert testimony concerning its use.**

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

### Comment

It is unclear whether the exception for pipes primarily made of briar, meerschaum, clay, or corn cob is an element or an affirmative defense. In the absence of case law, trial judges will have to make that determination if the issue arises.

It is error to inform the jury of a prior violation of Retail Sale of Drug Paraphernalia. Therefore, if the information or indictment contains an allegation of one or more prior violations, do not read that allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of a Retail Sale of Drug Paraphernalia, the historical fact of a previous violation shall be determined beyond a reasonable doubt in a bifurcated proceeding. See *State v. Harbaugh*, 754 So. 2d 691 (Fla. 2000).

This instruction was adopted in 2014.

### 29.13 AGGRAVATED ANIMAL CRUELTY [FELONY]
§ 828.12(2), Fla. Stat.

To prove the crime of **Aggravated** Animal Cruelty, the State must prove the following **two** elements beyond a reasonable doubt:

**1.** (Defendant) **[intentionally committed an act to an animal] [or] [owned or had custody or control of an animal and failed to act] which resulted in [the excessive or repeated infliction of unnecessary pain or suffering to an animal] [an animal's cruel death].**

**2.** (Defendant's) **[act] [or] [failure to act] resulted in [excessive or repeated infliction of unnecessary pain or suffering to the animal] [or] [the animal's cruel death].**

23

*Give if applicable. Enhancement. § 828.12(2)(a), Fla. Stat.*
**If you find** (defendant) **guilty of Aggravated Animal Cruelty, you must then determine whether the State proved beyond a reasonable doubt that [he] [she] knowingly and intentionally tortured or tormented an animal, and in so doing, [injured] [mutilated] [killed] the animal.**

*Definition of "cruelty", if cruel death charged. § 828.02, Fla. Stat. Only read definition for terms "Torture" or "Torment" when State seeks sentencing enhancements pursuant to § 828.12(2)(a), Fla. Stat.*
**"Cruelty" ["Torture"] ["Torment"] includes any act, omission, or negligence whereby unnecessary or unjustifiable pain or suffering is caused, permitted, or allowed to continue when there is reasonable remedy or relief, except when done in the interest of medical science.**

*Only read definition for terms "Torture" or "Torment" when State seeks sentencing enhancements pursuant to § 828.12(2)(a), Fla. Stat.*

**Lesser Included Offenses**

No lesser included offenses have been identified for this offense.

| AGGRAVATED ANIMAL CRUELTY — 828.12(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

*§ 828.12(3) Fla. Stat.*
A person who commits multiple acts of Aggravated Animal Cruelty against an animal may be convicted of multiple counts of Aggravated Animal Cruelty. Also, a person who commits Aggravated Animal Cruelty against more than one animal may be convicted of multiple counts of Aggravated Animal Cruelty.

This instruction was adopted in 2008 [976 So. 2d 1081] and amended in 2014.

**29.13(a) ANIMAL CRUELTY ~~(MISDEMEANOR)~~**
§ 828.12(1), Fla. Stat.

**To prove the crime of Animal Cruelty, the State must prove~~the following element~~ beyond a reasonable doubt _that_:**

*Give a, b, or c as applicable.*
(Defendant)
a. **unnecessarily [overloaded] [overdrove] [tormented] [mutilated] [killed] an animal.**

b. **deprived an animal of necessary [sustenance] [shelter].**

c. **carried an animal in or upon a vehicle [or otherwise] in a cruel or inhumane manner.**

*Definition. Give if applicable.*
**["Torment"] [A "cruel" manner] includes every act, omission, or neglect whereby unnecessary or unjustifiable pain or suffering is caused, permitted, or allowed to continue when there is reasonable remedy or relief, except when in the interest of medical science.**

**Lesser Included Offenses**

~~No lesser included offenses have been identified for this offense.~~

| ANIMAL CRUELTY — 828.12(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2008 [994 So. 2d 1038] and amended in 2014.

25