IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DONALD RAY KERVIN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1174

_____/

Opinion filed July 6, 2016.

An appeal from the Circuit Court for Escambia County.
Terry D. Terrell, Judge.

Nancy A. Daniels, Public Defender, and Mark Graham Hanson, Assistant Public
Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael Schaub, Assistant Attorney
General, Tallahassee, for Appellee.

ROWE, J.

Appellant, Donald Ray Kervin, challenges his conviction for felony animal cruelty in violation of section 828.12(2), Florida Statutes (2012), arguing that the trial court erred in using the 2014 revised jury instruction to instruct the jury on the charged offense rather than the 2012 version of the instruction. Because the 2014 revised jury instruction was an accurate statement of the applicable law, we affirm.

## Background

The testimony at trial established that on July 10, 2012, Juanita Vinson, an animal control officer, and Heather Stevens, an environmental enforcement officer, arrived at Kervin's residence in response to a call that a dog was in distress. Upon arrival of the officers, Kervin directed them to the back of the property where the dog, "Chubbie," was located. The officers testified that as they approached the back of the house, they smelled a rotten-flesh odor. They found Chubbie in what appeared to be a small laundry room attached to the back of Kervin's home. Chubbie was visibly wet and lying down on the cement floor in his own feces and urine. He had several open wounds containing maggots. The officers also noticed tapeworms around his rear area. They testified that the room was small and hot, and that the windows were boarded up allowing no ventilation in the room. There was also no sign of water or food for Chubbie.

Officer Vinson spoke to Kervin about the dog's injuries. Kervin first told the officers that Chubbie was hit by a car, but he later told the officers that he thought the dog ran away and a neighbor beat him with a shovel. Upon walking outside to survey the backyard, Officer Stevens observed a shovel handle with what appeared to be blood on it laying on the ground. It was then that Kervin admitted hitting Chubbie with the shovel for discipline. Kervin was unwilling to take the dog to a veterinarian at that time, even though he admitted that he knew Chubbie had not

2

stood up to walk for two days. Because Chubbie was unable to physically stand, it took three officers to remove him from the room. Chubbie was taken to a veterinary clinic where he was humanely euthanized due to the severity of his condition and the unlikelihood of recovery. Subsequently, Kervin was brought to trial on the charge of felony animal cruelty.

At the charge conference, Kervin requested that the trial court use the standard jury instruction that was in effect in 2012, the time of the alleged offense, rather than the 2014 version. While noting that the instructions were slightly different, in that the new instruction included the language "failure to act," the trial court determined that it was appropriate to use the 2014 revised standard jury instruction based on the holding in Brown v. State, 166 So. 3d 817 (Fla. 2d DCA 2015). After receiving the revised instructions, the jury returned a guilty verdict.

Analysis

On appeal, Kervin argues that the use of the 2014 instruction was error because that instruction was revised to reflect the 2013 amendment to section 828.12(2), which expanded the definition of felony animal cruelty to include a person's *failure to act*. We review the trial court's decision to give or withhold a proposed jury instruction for an abuse of discretion. Truett v. State, 105 So. 3d 656, 658 (Fla. 1st DCA 2013); Langston v. State, 789 So. 2d 1024, 1026 (Fla. 1st DCA 2001).

3

To determine whether an abuse of discretion occurred when the trial court instructed the jury using the 2014 revised standard jury instruction and declined to instruct the jury using the 2012 instruction, we examine (1) whether the instruction given accurately states the applicable law; (2) whether the facts in the case support the instruction; and (3) whether the instruction given was necessary to allow the jury to properly resolve all issues in the case. Alderman v. Wysong & Miles Co., 486 So.2d 673, 677 (Fla. 1st DCA 1986). Here, the jury instruction read to the jury accurately stated the applicable law, and the trial court did not abuse its discretion in giving the instruction.

Kervin was charged under section 828.12(2), Florida Statutes (2012), which read:

> A person who intentionally commits an act to any animal which results in the cruel death, or excessive or repeated infliction of unnecessary pain or suffering, or causes the same to be done, is guilty of a felony of the third degree.

The applicable standard jury instruction in effect at that time stated, in relevant part:

> To prove the crime of Animal Cruelty, the State must prove the following element beyond a reasonable doubt: (Defendant) intentionally committed an act to an animal which resulted in [the excessive or repeated infliction of unnecessary pain or suffering to an animal] [an animal's cruel death].

In re Std. Jury Instr. In Crim. Cases—Report No. 2007-03, 976 So. 2d 1081, 1095 (Fla. 2008).

4

In 2013, the statute was amended to read, in relevant part:

> A person who intentionally commits an act to any animal, *or a person who owns or has the custody or control of any animal and fails to act*, which results in the cruel death, or excessive or repeated infliction of unnecessary pain or suffering, or causes the same to be done, commits aggravated animal cruelty, a felony of the third degree.

§ 828.12(2), Fla. Stat. (2013) (emphasis added). In 2014, the standard jury instruction was revised to reflect the 2013 amendment. In re Std. Jury Instr. in Crim. Cases--Report No. 2013-07, 143 So. 3d 893, 905-06 (Fla. 2014). The revised instruction reads, in relevant part:

> To prove the crime of Aggravated Animal Cruelty, the State must prove the following two elements beyond a reasonable doubt:
> 1. (Defendant) [intentionally committed an act to an animal] *[or] [owned or had custody or control of an animal and failed to act].*
> 2. (Defendant's) [act] *[or] [failure to act]* resulted in [excessive or repeated infliction of unnecessary pain] [or] [suffering to the animal or the animal's cruel death].

Id. (emphasis added).

Although the 2013 amendment to the statute did, in a literal sense, add new language to the body of the statute, we agree with the Second District that the 2012 version of section 828.12(2) already included a person's failure to act. See Brown, 166 So. 3d at 821 (citing State v. Morival, 75 So. 3d 810, 812 (Fla. 2d DCA 2011) and Hynes v. State, 1 So. 3d 328, 330-31 (Fla. 5th DCA 2009) (Griffin, J., specially concurring)). Further, even absent the decision in Brown, the Florida Supreme Court has held that in a criminal context, an act of omission may constitute an

5

"act." Nicholson v. State, 600 So. 2d 1101, 1004 (Fla. 1992) (approving our decision in Nicholson v. State, 579 So. 2d 816 (Fla. 1st DCA 1991), wherein we held that because the Florida child abuse statute clearly defined "torture" as "an act of omission," we had no difficulty concluding that "willful torture" included acts of commission *and* omission. 579 So. 2d at 818-19 (emphasis added)).

As such, interpreting the 2012 version of the statute to include an act of omission fits squarely within Florida precedent, as acts of negligence have been held to constitute felony animal cruelty under the 2012 version of the statute. See Horn v. Sec'y, Fla. Dep't of Corr., 488 F. App'x 421, 425 (2012) (stating that even if the jury convicted the defendant under section 828.12(2) based on negligence, such a conviction would be consistent with the charge under Florida law). The 2014 revised standard jury instruction merely clarified the previous version of the instruction to include the failure to act. Thus, the trial court did not abuse its discretion by using the 2014 revised version of the standard jury instruction to suit the particular facts and circumstances presented in the trial and to aid the jury in understanding the meaning of the statute.

Furthermore, the facts in this case support instructing the jury using the 2014 revised standard instruction. This is a serious case of neglect. The testimony established that Chubbie's wounds were at least three to five days old, and that Chubbie had been recumbent for at least two days. Chubbie had urine scald, a

6

condition that occurs when an animal urinates on itself and the area goes uncleaned. Within twenty-four to forty-eight hours, the uric acid started to burn Chubbie's skin. There were large fly larvae (maggots) surrounding Chubbie's wounds on his hip, elbow, and shoulder area, which would have taken at least three to four days to form. The State presented evidence and testimony that Chubbie's injuries, regardless of their source, had not been treated; that Chubbie had not stood up in at least two days; that there was no sign of food or water in the room where Chubbie was found; and that Chubbie was completely emaciated. The facts in this case clearly support instructing the jury on Kervin's failure to act. See Hooper v. State, 703 So. 2d 1143, 1148 (Fla. 4th DCA 1997) (Farmer, J., concurring in the result) (stating that the "formulaic" jury instructions may and should be varied to suit the particular facts and circumstances).

Finally, the 2014 instruction was necessary to allow the jury to resolve all issues in this case. The instruction requested by Kervin reflected the version of the statute in effect in 2012, but read as a whole, it did not fairly present the law in light of Brown's analysis of Florida case law concerning section 828.12(2). 166 So. 3d at 818-20. In fact, absent the inclusion of the "failure to act" language, the jury may have been misled as to the actual meaning of the statute. The 2014 version of the standard jury instruction properly instructed the jury and was the correct statement of law based on precedent and the facts and circumstances presented in the case.

Accordingly, we AFFIRM the trial court's decision to use the 2014 revised standard jury instruction rather than the 2012 standard instruction.

MAKAR and BILBREY, JJ., CONCUR.