FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D17-2985
_____

CHARLES K. DAWSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Bay County.
Brantley S. Clark, Jr., Judge.

April 29, 2019

PER CURIAM.

Appellant, Charles K. Dawson, challenges his judgment and sentence for failure of sexual predator to properly register residency after release from custody. He argues the trial court erred in denying his requests: (1) for a special jury instruction on the maintenance of video surveillance; and (2) to remove from the jury instructions references to "sexual predator." We affirm the second issue without discussion based on our prior decision in *Johnson v. State*, 842 So. 2d 228 (Fla. 1st DCA 2003). For the reasons that follow, we also affirm the first issue.

At trial, Appellant contended that following his release from custody he entered the lobby of the sheriff's office twice in an attempt to properly register. A witness from the Bay County

Sheriff's Office indicated the registration lobby had video surveillance and would have been able to show if Appellant had been in the office as he claimed. However, the video was not required to be maintained.

At trial, defense counsel proposed the following instruction:

Members of the jury, the parties have agreed to certain facts. You must accept these facts as true.

1. Charles Kevin Dawson has been convicted as a sexual predator.
2. Video surveillance of the Bay County Sheriff's Office is only maintained for 30 days and any video that existed was not preserved in order to view in this case.

The trial court declined to give this proposed instruction and instead gave the standard instruction on the defense to the crime of failure to register:

It is a defense to the crime of failure to register as a sexual predator, that Charles Dawson attempted to register as required by law, but was misinformed or otherwise prevented from timely registering by the office of the sheriff.

Generally, standard jury instructions are preferred over special instructions. *See Stephens v. State*, 787 So. 2d 747, 755 (Fla. 2001). But, a defendant has a right to a special instruction on the law applicable to his defense theory where trial evidence supports the theory. *Id.* In order to be entitled to a special jury instruction, a defendant must prove: "(1) the special instruction was supported by the evidence; (2) the standard instruction did not adequately cover the theory of defense; and (3) the special instruction was a correct statement of the law and not misleading or confusing." *Id.* at 756.

The trial court did not abuse its discretion in denying the proposed special instruction. *See Kervin v. State*, 195 So. 3d 1181, 1182 (Fla. 1st DCA 2016) ("We review the trial court's decision to give or withhold a proposed jury instruction for an abuse of

2

discretion."). While Appellant's proposed instruction was supported by the evidence, Appellant failed to establish the standard instruction did not adequately cover his defense. Appellant's defense was that he attempted to, but was prevented from properly registering and that the video, destroyed by the sheriff's office, would have been evidence of his attempt to register. While Appellant's proposed instruction would certainly have provided the jury with greater detail about his defense, the standard jury instruction permitted the jury to consider these details and consider the circumstances of the case. Furthermore, the proposed instruction was a statement of stipulated fact rather than one of law. *See* § 918.10(1), Fla. Stat. (providing that, after closing arguments, the court charge the jury "only on the law of the case").

AFFIRMED.

WETHERELL, BILBREY, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Robin B. Rogers, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Kaitlin Weiss, Assistant Attorney General, Tallahassee, for Appellee.